# Steadham *v.* Parrish.

*Attachment against Non-Resident.*

1. *Motion to dissolve attachment; when proper remedy.*—When an attachment is sued out on a demand or claim which will not support an action at law, a motion to dissolve it is the proper remedy to reach the defect.

2. *Parol sale of lands; action for purchase-money.*—Under a parol sale of lands, if the purchaser pays a part of the price, and is let into possession, the contract is taken out of the statute of frauds (Code, § 1732, subd. 6), and an action at law lies to recover the balance of the purchase-money.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Mrs. W. A. Steadham, against Alfred Parrish, and was commenced by attachment, sued out on the ground that the defendant was a non-resident. The complaint contained the common counts, and a special count on a contract for the sale of a tract of land by the plaintiff to the defendant, alleging that she executed a deed to him, that he paid a part of the purchase-money, was placed in possession of the land, and promised to pay the residue. The defendant moved to dissolve the attachment, and to dismiss the suit; which motion, on the agreed facts, the court sustained, and the plaintiff excepted. The judgment of the court is now assigned as error.

W. H. KEY, and WATTS & SON, for appellant.—(1.) The

[Steadham v. Parrish.]

remedy against the grantee in this case is assumpsit.—*Beadle v. Graham,* 66 Ala. 99; *Jackson v. Morse,* 16 Johns. 197; *Owen v. Bell,* 20 Johns. 219; *Maule v. Weaver,* 7 Pa. St. 329; *Goodwin v. Gilbert,* 9 Mass. 510; 3 Washburn on Real Estate, p. 312, §§ 48–9. (2.) Assumpsit will lie for the purchase-money of land sold, and there is nothing in the objection in this case that an action can not be based upon the verbal promise of defendant to pay for the land.—*Lett v. Brown,* 56 Ala. 550; *Sheppard v. Little,* 14 Johns. 210; *Bowen v. Bell,* 11 Am. Dec. 286; 1 Wait's Actions & Defenses, 375–78. (3.) It is well settled that one who holds land as the pur-chaser, having taken possession under a contract of purchase, can not resist a recovery of the purchase-money at law upon the ground that the contract was in parol.—*Johnston v. Jones,* 85 Ala. 286; *Jenkins v. Harrison,* 66 Ala. 345; *Carter v. Shorter,* 57 Ala. 253; *Lett v. Brown,* 56 Ala. 550; *Helvenstein v. Higgason,* 35 Ala. 259. (4.) The statute of frauds is not applicable to the present case.—*Espalla v. Wilson,* 86 Ala. 487; *Martin v. Blanchett,* 77 Ala. 288; *Shakespeare v. Alba,* 76 Ala. 351; *Gordon v. Tweedy,* 71 Ala. 202.

Roulhac & Nathan, *contra.*—(1.) The motion to dissolve the attachment was the proper method of testing the pro-priety of the attachment, and all objection thereto is waived by the appellant taking issue on said motion, and submitting the case on the agreed statement of facts.—*Jordan v. Hazard,* 10 Ala. 221; *Brown v. Coats,* 56 Ala. 439; *Dryer v. Abercrombie,* 57 Ala. 497; *Drakeford v. Turk,* 75 Ala. 339; *Adair v. Stone,* 81 Ala. 116; *Rich v. Thornton,* 69 Ala. 473. The court, and not the jury, must decide the motion.—*Abraham v. Nicrosi,* 87 Ala. 178; *Harmon v. Jenks,* 84 Ala. 76. (2.) Under the facts set forth in the agreed statement, it is shown that the attachment can not be maintained in this case. *Sheppard v. Little,* 14 Johns. 212; *Bowen v. Bell,* 20 Johns. 338; *Butler v. Lee,* 11 Ala. 888; *Toomer v. Randolph,* 60 Ala. 361; *Harris v. Miller,* 71 Ala. 32; *Morris v. Bebee,* 82 Ala. 274; *Linn v. McLean,* 85 Ala. 250; Wade on Attachment, § 20. (3.) No sufficient contract is shown between the plain-tiff and defendant to maintain the action.—*Hart v. McClellan,* 41 Ala. 251; *Heflin v. Milton,* 69 Ala. 355; *Borst v. Simpson,* 90 Ala. 373; *Linn v. McLean,* 85 Ala. 250; Waterman on Specific Performance, § 201.

STONE, C. J.—This case went off in the Circuit Court on an order dissolving the attachment. The language of the affi-davit for attachment is, "that the said Alfred Parrish is justly

[Steadham v. Parrish.]

indebted to [plaintiff] in the sum of twenty-four hundred and five 93-100 dollars, which said amount is justly due after allowing all just off-sets and discounts; and that said Alfred Parrish is a non-resident of this State; and that this attachment is not sued out for the purpose of vexing or harassing the defendant, or other improper motive." The bond and writ of attachment are not objectionable in form.—Code of 1886, § 2929, *et seq.* No defect in these proceedings is pointed out, and we have not been able to discover, in the form of the proceedings, any departure from statutory requirements, which could exert any influence in the trial of the motion to dissolve.

The objection urged, and which prevailed in the ruling on the motion to dissolve, was that there was not, in fact, any such debt as could support the attachment. We learn this from the bill of exceptions, and from the motion to dissolve, which is made a part of it. This, if true, would vindicate and maintain the correctness of the course pursued in getting rid of the process of attachment.—*Dryer v. Abercrombie*, 57 Ala. 497; *Johnston v. Hannah*, 66 Ala. 127; 3 Brick. Dig. 55, § 25. We hold, however, that this is not a case to which the rule is applicable.

The facts of this case were agreed on, and may be thus stated: In February, 1890, the plaintiff agreed with the defendant to sell him the mineral rights in an eighty-acre tract of land, for twenty-four hundred dollars, ten dollars of which he, Parrish, paid her in cash, and he promised to pay her the balance in the month of March following. She executed a writing, binding herself to make him title, but his promise was oral. He, Parrish, however, went immediately into possession, through his agents, and commenced to do very decisive work on the land, preparatory to mining it for iron' ore. How long this work continued, or whether it has ever been discontinued, is not shown. There is no dispute about these facts. On that day, or the next, Mr. Parrish wrote to his attorney in reference to said land, in which he says, "I went to her and purchased it at her price, $30.00 an acre." These are substantially all the facts that were developed on the motion.

The contention in the Circuit Court was, that in as much as Parrish, neither by himself, nor an agent authorized in writing, entered into an agreement of purchase, evidenced by writing and expressing the consideration, the alleged agreement of purchase is void under the statute of frauds, and that no suit at law can be maintained against him for the breach of such alleged promise.—Code of 1886, § 1732. That if

[Cory v. Lee & Mangum.]

plaintiff have any ground of valid complaint, it is only an equitable demand, can be asserted only in equity, and that it will not maintain an attachment at law. And the same contention is relied on here.

Before the enactment of the English statute of frauds—29 Charles the Second—lands were conveyed by what was known as livery of seisin; and it may be that what was done in this case would at common law have operated to effectually convey the legal title. Land titles with us, however, usually exist in grant; and if Parrish were asserting claim to the land, his remedy would doubtless be in equity. Having, in fact, no title, he could maintain no action at law for the recovery of the land, according to our rulings. Under the terms of the contract, as admitted, he will not be entitled to a deed until he pays the purchase-money; and without a deed, or some other evidence of legal title or its equivalent, he could not recover the lands in an action at law.

The question in this case is wholly different. Part of the purchase-money was paid, and possession was taken under the contract of purchase. That brings the case directly within the exception to our statute, which excepts from its nullifying influence oral sales and leases of lands, when "the purchase-money, or a portion thereof, is paid, and the purchaser put in the possession of the land."—Code of 1886, § 1732, subd. 5; *Heflin v. Milton*, 69 Ala. 354; *Linn v. McLean*, 85 Ala. 250.

The Circuit Court erred in dissolving the attachment.

Reversed and remanded.