# Parrish v. Steadham.

102  615
120  427

*Action of Assumpsit for the Purchase Money of Land.*

1. *. Statute of frauds; action for purchase money.*—Under a parol sale of land, if the purchaser pays a part of the purchase money and is put in actual possession of the lands sold, the contract is taken out of the influence of the statute of frauds (Code, § 1732, subdiv. 5) ; and an action of assumpsit can be maintained by the vendor to recover the unpaid purchase money, on an account, or on an account stated, or on a special count setting forth the contract, although the purchaser had not bound himself by any instrument in writing to pay the future maturing debt.

2. *Parol sale of land; waiver of condition.*—It is competent for the vendor and the purchaser to waive a condition in the contract of sale of lands ; and when, at the time of the making of the contract the purchaser pays a small part of the purchase money, and is put into the actual possession of the lands sold, and afterwards, without additional payment, the purchaser's attorney, at his request, procures the

[Parrish v. Steadham.]

vendor to execute and deliver a deed to him, the purchaser can not, in an action against him by the vendor, for the balance of the purchase money, defeat a recovery, on the ground that one of the conditions of the original contract was, that he was not entitled to a deed until he had paid one-half of the purchase money; such condition having been waived by the delivery of the deed to the purchaser's agent at his request.

3 *Escrow; effect of delivery of deed.*—Where a vendor under a parol contract of sale of land, subsequently delivers, unconditionally, to the duly authorized agent of the purchaser, a deed conveying the lands purchased, the delivery vests the legal title in the purchaser at once; and in an action by the vendor against the purchaser to recover the purchase money, the plaintiff's right of recovery can not be affected by the fact that the purchaser, when his agent handed him the deed, immediately returned it to him with the request that he hold it in escrow until the vendor should be paid the purchase money; the creation of an escrow being impossible under such circumstances.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. Speake.

This was an action of assumpsit, brought by the appellee, Mrs. W. A. Steadham, against the appellant, Alfred Parrish; and was commenced by an attachment, which was sued out on the ground that the defendant was a non-resident. The complaint contained the common counts, and a special count on a contract for the sale of a tract of land by the plaintiff to the defendant, alleging that she executed a deed to him, that he had paid a part of the purchase money, had promised to pay the balance, and was placed in possession of the land.

The defendant made a motion to dismiss the attachment, upon several grounds, which were in substance: 1st, that the demand of the plaintiff, for which the attachment was sued out, was an equitable and not a legal demand, and that an attachment at law could not be sued out therefor; and, 2d, that no such contract had been entered into by the defendant, as was binding upon him under the statute of frauds. This motion to dissolve the attachment was submitted on an agreed statement of facts, which was substantially as follows: On February 6, 1890, the defendant offered to buy from the plaintiff a certain tract of land for $2,400. The plaintiff accepted this offer, and the defendant paid her $10 in cash, and agreed orally to pay her by the 15th of March, following, the balance, towit, $2,390; that thereupon the

plaintiff executed and delivered the following written instrument: "Russellville, Ala. Feb. 6, A. D. 1890. For and in consideration of ten dollars to me in hand paid, and a further sum of two thousand three hundred and ninety dollars to be paid to me on or before the 15th day of next March, I hereby sell and transfer to Alfred Parrish of Philadelphia, Pa., all my right, title and interest in the eighty acres of land on the hill south of Fossick's quarry in Franklin county, Ala., and adjoining the lands of the Mabel Mining Co. My said rights specially include the mineral rights of ingress and egress. I also agree to sign a more formal deed than this, upon the payment of the consideration money in full, or the half thereof. Witness my hand and seal, the day and date above written. [Signed] Willie A. Steadham."

The defendant received this written instrument, and it was in his possession at the time of the trial. On the same day of the purchase, the defendant took possession of said lands, and afterward did a good deal of work thereon, by digging for iron ore. On the day after the purchase, February 7, 1890, the defendant wrote to his attorney the facts of the purchase of the tract of land, directing him to prepare a proper deed and have the plaintiff to execute the same. In obedience to this letter the defendant's attorney prepared a deed, which was duly executed by the plaintiff, and given to the attorney, who afterwards delivered it to the defendant. Upon the examination of this deed the defendant discovered that there was a conveyance of greater mineral rights than he purchased from the plaintiff, and, therefore, requested his attorney to redraught a deed and have it again executed by the plaintiff. This was done, and the second deed delivered to the defendant, who asked his attorney to hold it for a few days, until he received the money, which he was to pay the plaintiff. With the exception of the ten dollars paid in cash, no part of the purchase money has been paid by the defendant.

The motion to dissolve was sustained, and upon issue joined upon the pleas interposed by the defendant, alleging substantially the same defense as that contained in the motion for the dissolution of the attachment, evidence was introduced tending to show the same facts as those above stated.

At the request of the plaintiff the court gave the gen-

[Parrish v. Steadham.]

eral affirmative charge in her behalf, and to the giving of this charge the defendant duly excepted.

The defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence in this case, they should find a verdict for the defendant under the first count of the complaint, which claims $2,390, due by account." (2.) "If the jury believe all the evidence in this case they should find in favor of the defendant on the count of the complaint which seeks to recover on an account stated." (3.) "If the jury believe all the evidence in this case, they should find for the defendant on the last or special count of said complaint, for the sale and conveyance of the lands mentioned in said count." (4.) "If the jury believe all the evidence in this case, they should return a verdict for the defendant."

There was judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ROULHAC & NATHAN, for appellant.—The delivery of the deed in this case to the defendant's attorney was not sufficient to vest the title in the purchaser.—*Fitzgerald v. Goff*, 99 Ind. 28 ; 1 Devlin on Deeds, §§ 264, 271 ; *Graves v. Dudley*, 20 N. Y. 77 ; 5 Amer. & Eng. Encyc. of Law, pp. 445–7 ; *Younge v. Guilbeau*, 3 Wall. 636 ; *Jackson v. Phipps*, 12 Johns. 421 ; *Maynard v. Maynard*, 10 Mass. 456 ; *Parmelee v. Simpson*, 5 Wall. 86 ; *Tompkins v. Wheeler*, 16 Pet. 119; *Read v. Robinson*, 6 Watts & S. 329 ; *Welch v. Sackett*, 12 Wis. 243.

The plaintiff could not maintain an action to recover the purchase money from the defendant in this case.— *Gazzam v. Kirby*, 8 Port. 256, *Dukes v. Leowie*, 13 Ala. 459 ; *Hunter v. Waldon*, 7 Ala. 757; *Bisquay v. Jeunelot*, 10 Ala. 247; *Ezell v. King*, 93 Ala. 473 ; *Beadle v. Graham*, 66 Ala. 99 ; *Maas v. Montgomery Iron Works*, 88 Ala. 324 ; 2 Benj. on Sales, § 1117. Unless a sale is complete, assumpsit can not be maintained.—*Kenan v. Starke*, 6 Ala. 775 ; 2 Benj. on Sales, *supra*.

A sale of lands can not be the subject of an account.— 1 Wait Act. & Def. 189, § 2; *Young v. Hill*, 67 N. Y. 174 ; *Bisquay v. Jeunelot, supra* ; *Ezell v. King, supra* ; *Mil-*

*ler v. Watson*, 4 Wend. 276–7 ; *Miller v. Watson*, 7 Cow. 39.

KEY & HESTER, *contra*.

HEAD, J.—We are unable to see how the appellant proposes to take this case without the influence of the decision of this court, made when it was here at a former term.—93 Ala. 465. As then presented, it was simply a case of a sale by Steadham to Parrish of eighty acres of land at an agreed price, a part of which was paid in cash, the balance agreed to be paid at a specified time in the future, and actual possession of the land sold delivered to the purchaser, who actually enjoyed the possession and use thereof. The purchaser had not bound himself, by any instrument in writing, to pay the future maturing debt. The statute of frauds was fully met by part payment of the purchase money and delivery of possession, and we held, in effect, that an action could be maintained by the vendor to recover the unpaid purchase money, although the contract on his part, binding him to execute a deed, still remained unexecuted. As the case is now presented, it is fortified by the further agreed fact that the plaintiff, vendor, before suit brought, executed and delivered, unconditionally, to defendant's duly authorized agent, a deed conveying the land to defendant.

It makes no difference that by the term of the original contract the purchaser was not entitled to a deed until he paid one-half the purchase money. It was competent for the parties to waive or modify that provision, and this was done when the defendant's attorney, at his request, procured the plaintiff to execute and deliver the deed to him.

Nor is the plaintiff to be affected by the fact that the defendant, when his attorney handed him the deed, immediately returned it to the attorney with the request that he hold it in escrow until he, defendant, should pay plaintiff the purchase money. The delivery of the deed by plaintiff to the attorney was absolute and unconditional. It was effectual as a conveyance to defendant of the legal title, from that moment; and nothing the defendant and the attorney could do between themselves, without the knowledge or assent of plaintiff, could affect him.

[Brockway v. Gadsden Mineral Land Co.]

We have no doubt whatever of the plaintiff's right to recover upon the common counts, on an account and account stated, as well as upon the special count, and that the rulings of the circuit court were free from error.
Affirmed.