JOURDAIN and another, Respondents, vs. Fox and others, Appellants.

*March 9 — April 3, 1895.*

(1) *Conveyance of land: Agency: Quitclaim deed: Statute of frauds.*
(2) *Equitable mortgage: Payment: Right of action against mortgagor for timber cut.*

1. An agent employed by one dealing in tax titles, who, by his contract with his principal, was to have one half of the profits of the business, but had no further interest in the lands covered by such titles and no authority to convey, gave a quitclaim deed of lands, a tax title to which he had taken in the name of his principal. *Held,* that such deed conveyed nothing,— not even a right to enforce a conveyance, even though the agent paid the full purchase money received by him to the executors of his principal and they received it with knowledge of the facts.
2. Where the purchase money for land was advanced by one who took the title merely as security for repayment of such money by the real purchaser, the transaction was the making of a mortgage, and after repayment the mortgagee had no right of action against the mortgagor for timber cut on the land, and could convey no such right.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Reversed.*

This is an action of trover to recover for the alleged conversion of a large amount of saw logs. The plaintiffs claim title to the logs by virtue of their alleged ownership of the lands from which they were cut. The defendants deny the plaintiffs' title to the logs, and claim themselves to own them, because, as they claim, they owned the lands from which they were cut. The title to the lands was the issue which was tried.

The title to two distinct tracts of land is involved. Of one tract the title had formerly been in one of the plaintiffs, but had become divested by a tax title. The tax title was owned by the estate of one R. S. Fay, of Boston, Mass.

Fay had been dealing in tax titles in Wisconsin, and one J. S. Baker was his agent. Baker did the business in Fay's name, and was to have one half the net profits of the business for his compensation. He had no further interest in the lands covered by the titles in which Fay dealt. Baker quitclaimed this tract to the plaintiffs, who paid him $25 for the deed.

The title to the other tract was in this wise: The defendant *Patrick Fox* negotiated for the purchase of this tract, for the purpose of cutting its timber and selling it to the Burlington Lumber Company. He had no money with which to pay for the land. He arranged with the Burlington Lumber Company to advance the money needed for the purchase of the land, and to take the title to the land to secure its repayment. He then made a contract with the plaintiffs, whereby the defendants Fox & Son agreed to log from the lands in the season of 1887–88, and deliver to the plaintiffs, 1,200,000 feet of logs for an agreed price. It was further understood that the plaintiffs were to give Fox & Son advances by way of supplies. To secure the performance of this contract, Fox & Son gave the plaintiffs a mortgage upon their teams and camp and logging outfit and some other logs. The plaintiffs at the same time made a contract with the Burlington Lumber Company to deliver the same logs to it on terms then agreed upon. Fox & Son got out and delivered to the plaintiffs a large amount of logs in the season of 1887–88, but were indebted to them for a balance on the season's transactions. But in the meantime Fox & Son, through an arrangement with the plaintiffs, had repaid to the Burlington Lumber Company the money it had advanced for the purchase of the land, and were not indebted to it on any account. In the winter of 1888–89, Fox & Son cut the logs in dispute from the lands of which the title was so held by the Burlington Lumber Company and the lands covered by the tax title, and sold them to the other defend-

ants. Afterwards the Burlington Lumber Company conveyed to the plaintiffs the title which it had, "with all timber cut by trespassers upon said lands."

The trial was by the court. There was a finding and judgment for the plaintiffs. The defendants appeal.

The cause was submitted for the appellants on briefs by *F. B. Dorothy*, and for the respondents on the brief of *Bashford & Disney* and *Kueffner, Fauntleroy & Searles*.

To the point that the retention by Fay's executors of the proceeds of the sale by Baker estopped them from disputing the validity of such sale, counsel for the respondents cited *Field v. Doyon*, 64 Wis. 560; *Schenck v. Sautter*, 73 Mo. 46; *Moore v. Hill*, 85 N. C. 218; *France v. Haynes*, 67 Iowa, 139; 7 Am. & Eng. Ency. of Law, 19

NEWMAN, J. It is assumed that the tax deed was valid and put the title to the lands covered by it into the estate of R. S. Fay. No question was made here of its validity. Baker had no title in these lands, and his contract with Fay gave him no power to convey them. His quitclaim to plaintiffs conveyed nothing,— not even a right to enforce a conveyance, although he paid the full purchase price and the executors received it with knowledge. Payment of the purchase price is not sufficient performance of an oral contract to convey lands to take it out of the statute of frauds. Pom. Cont. § 112; *Brandeis v. Neustadtl*, 13 Wis. 142. And, Baker's deed being a mere quitclaim, a title acquired by him subsequently would not inure to plaintiffs' benefit. Rawle, Cov. (5th ed.), § 247, and cases cited. So the plaintiffs had no title to this tract of land. By this fact their title to the logs cut from this tract fails also.

The transaction by which the title to the other tract was placed in the Burlington Lumber Company, under the decisions of this court, was the making of a mortgage. *Starks v. Redfield*, 52 Wis. 349; *Hoile v. Bailey*, 58 Wis. 434;

*Schriber v. Le Clair*, 66 Wis. 579; *Burr v. C. C. Thompson & Walkup Co.* 78 Wis. 227; *Phelan v. Fitzpatrick*, 84 Wis. 240. The company had no other rights or remedies in respect of this land, against Fox & Son, than other mortgagees have in like cases. Cases cited. The mortgage was fully paid to the mortgagee, and satisfied, by the logs cut and delivered in the season of 1887–88. From the time of such payment it had no further beneficial interest in the land, but only the bare legal title, which it held as trustee for Fox & Son. This fact of the payment of the mortgage would have been a perfect defense to its action for the cutting of these logs. *Burr v. C. C. Thompson & Walkup Co.* 78 Wis. 227. The Burlington Lumber Company could invest the plaintiffs with no better cause of action than it had. It had none, and gave the plaintiffs none.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for the defendants in accordance with this opinion.