# CHARLESTON.

## LIPSCOMB *v.* LIPSCOMB.

Submitted February 16, 1909.    Decided October 26, 1909.

1. VENDOR AND PURCHASER—*Remedies of Vendee—Recovery of Money.*

    If purchase money be paid under a verbal contract for the sale of land and the vendor then sell and convey the land to a stranger, the original vendee may recover the money so paid from the vendor in an action of *assumpsit* for money had and received.  (p. 56.)

2. FRAUDS—STATUTE OF—*Parol Contract for Land—Part Payment.*

    Mere payment of purchase money under a parol contract for the purchase of land does not take the contract out of the statute of frauds, nor vest in the purchaser equitable title to the land.  (p. 56.)

Error to Circuit Court, Tucker County.

Action by Moses Lipscomb against Lemuel Lipscomb. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*Cunningham & Stallings,* for plaintiff in error.

*L. Hansford,* for defendant in error.

POFFENBARGER, JUDGE:

Moses Lipscomb sued Lemuel Lipscomb, in *assumpsit,* for the purchase money of 75 acres of land.    The uncontradicted evidence developed the following facts:    The defendant had sold the land to the plaintiff for $100.00, all of which had been paid in money and labor, but no deed had been made, nor written contract executed.    Nor had the purchaser been put in possession, although he claims to have had possession.    He did

not reside on it and had done nothing on it beyond casual acts of cutting timber. The defendant sold the land to a stranger for $10.00 per acre. The court excluded the evidence and directed a verdict for the defendant.

It is insisted, in the briefs, that the plaintiff should have a verdict for $750.00, the amount for which the land claimed by him was sold. Whether, if he had had title, sustainable in a court of equity, the law would imply a promise on the part of the defendant, under the circumstances, no express promise having been shown, we are not called upon to decide. He had no such title. Mere payment of purchase money, under a verbal contract for land, does not take the contract out of the statute of frauds, nor confer equitable title. *Miller* v. *Lorentz,* 39 W. Va. 160.

However, the court erred in excluding the evidence and directing the verdict, since the plaintiff is entitled to recover back the purchase money paid by him. *Payne* v. *Graves,* 5 Leigh 561. This case decides that money, paid for land, under a parol contract that is defeated by a plea of the statute of frauds, should be refunded, and numerous cases in this Court say *indebitatus assumpsit* lies for money which, in equity and conscience, belongs to the plaintiff. But an express decision, directly in point, renders argument unnecessary here. *Bier* v. *Smith,* 25 W. Va. 830. See also Hogg's Pleadings & Forms 40, 41.

For this error, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*