No. 11,144.

BROCKMAN *v.* DI GIACOMO.

Decided January 5, 1925.

Action for possession of a house. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. FRAUD—*Statute of—Notice.* Actual notice of oral contract for sale of real estate and purchaser's claims, does not estop the vendor from setting up the statute of frauds.

2.     *Statute of—Part Performance.* Under an oral contract for sale of real estate, making improvements on the property not specified by the contract is not such part performance as to take the contract out of the statute of frauds.

3.     *Statute of—Tender of Performance.* Under an oral contract for sale of real estate, tender of performance or part performance by the purchaser is not sufficient to take the contract out of the statute of frauds.

4. TRUST DEED—*Trustee's Sale—Effect.* A trustee under a trust deed may not act after he has conveyed, because he has parted with the title to which his power is incident, but if his deed is void, he has not parted with the title and may still act.

5.     *Trustee's Deed—Irregular—Correction.* Where a trustee's deed was defective by reason of a clerical error making the time of advertisement appear too short, it was properly corrected by a second deed containing recitals showing its purpose.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. ORR & LITTLE, Mr. H. T. MCGARRY, for plaintiff in error.

Mr. P. M. KISTLER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN April, 1924, Giacomo brought suit against Brockman for the possession of a house. The court directed a verdict for plaintiff, and Brockman brings error and moves for supersedeas. Both sides ask us to determine the case now.

Giacomo owned the house and Brockman was his tenant. Brockman claimed right of possession under an oral agreement, made in 1921, for the purchase of the property for $3,000 payable in monthly instalments of $40. Giacomo denied the agreement and relied on the statute of frauds. Brockman tendered the first two or three instalments which were refused. No part of the purchase price was paid. There was evidence which we must take as true that Brockman put improvements on the place of considerable value, at least several hundred dollars.

The first point on which defendant seeks to escape the statute is that plaintiff had actual notice of the contract and the claims of defendant and so is estopped to set up the statute. Every vendor has actual notice of his own contract and if that estops him the statute is nil. The claim is therefore unsound.

He next relies on part performance, but he never made a payment and to pay was the only thing he agreed to do. His improvements were not part performance because they were not required by the contract. *Knoff v. Grace,* 68 Colo. 527, 190 Pac. 526, 10 A. L. R. 1492. Indeed if he had paid in full, even that, under some decisions, would not have given him title. *Lipscomb v. Lipscomb,* 66 W. Va. 55, 66 S. E. 8; *Whitcher v. Morey,* 39 Vt. 459; *Jour-*

*dain v. Fox,* 90 Wis. 99, 101, 62 N. W. 936. Even possession and payment together have been held not to take an oral contract for the sale of land out of the statute. *Parrish v. Steadham,* 102 Ala. 615, 15 So. 354; *Franke v. Riggs,* 93 Ala. 252, 9 So. 359; *Chamberlin v. Robertson,* 31 Iowa, 408, *Wimberly v. Bryan,* 55 Ga. 198. Tender of performance or of part performance is not enough. If it were, the statute would be of no effect.

It is suggested that there is an estoppel in that Brockman made improvements with Giacomo's consent and acquiescence. There is, indeed, evidence that at the time of the negotiations for purchase plaintiff told defendant to go ahead and make the improvements as he wished, but the evidence is that Giacomo, claiming that defendant had never made an initial payment of $100, which he said was required, refused to take the first three, (he says two) instalments, when they were tendered. This was notice to defendant that plaintiff abrogated the contract. Any improvement made after that is made without his consent or acquiescence. There is no evidence that any was made before.

*Adcock v. Lieber,* 51 Colo. 373, 117 Pac. 993, is cited. If Brockman had agreed to move from some other place to the house in question, and had done so in pursuance of his agreement, that case would have been similar to this. See *Knoff v. Grace, supra.*

We do not decide whether such an estoppel as here claimed would, if proved, take the case out of the statute.

Thus far we have discussed the case as if plaintiff's ownership was unquestioned. However, during Brockman's occupancy under claim of purchase, plaintiff conveyed the property and reacquired it by trustee's deed on foreclosure of a trust deed given for the purchase money. The trustee gave him a defective deed and afterwards a corrected one. Defendant contends that the first was void and so incompetent in evidence and that the trustee thereby exhausted his power and so the second was futile. He cites *Stephens v. Clay,* 17 Colo. 489, 30 Pac. 43, 31 Am. St. Rep. 328, and

*Carlson v. Howes,* 69 Colo. 246, 193 Pac. 490. The reason why a trustee may not act after he has conveyed is because he has parted with the title to which his power is incident; but if his deed is void, he has not parted with the title and so may still act, and the second deed is sufficient. This is made clear by the opinion in the case last cited. Supposing, however, that the first deed was not void but irregular, then, as stated in *Carlson v. Howes, supra,* the title did pass but it passed to the plaintiff and the second deed is unnecessary. But, if this were not so, the only error in the first deed was a clerical misprision, writing "April" for "May" and so making the time of advertisement appear too short. The duty of the trustee in such case is to correct it. The second deed does so with proper recitals showing its purpose.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.