ANTONIO CORRADO *et al. vs.* NICOLA MONTUORI *et al.*

JANUARY 12, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. This is an appeal from a decree directing a husband and wife to specifically perform a contract for the sale of certain real estate.

On the Dennis Quinn Estate Plat, recorded in Providence, respondent Nicola in 1918 purchased two lots, numbered respectively on the plat, 29 situated on Marietta street and 45 situated on Gillen street, each 40 by 100 feet. He owned no other land on Gillen street. The rear line of each lot on the plat was identical but was not physically indicated on the land. Respondents' house stood on Marietta street. Nothing was built upon their Gillen street land so that to the observer it was a part of the yard connected with respondents' house on Marietta street. Adjoining lot number 45 on Gillen street, complainant owned land upon which was a house in which he lived. On December 30, 1925, complainants and respondents entered into the following agreement:

"December 30, 1925.

Providence, R. I. We, the undersigned, agree to sell to Antonio Corrado & Maria Corrado and they agree to buy a certain lot situated on Gillen street in Providence, Rhode Island, for the sum of $1525.00 (fifteen hundred twenty-five dollars) free and clear of all incumbrances; Warranty Deed to be given for the said lot on January 2, 1927.

| Signed in the presence of | NICOLA MONTUORI |
| T. DE CESARE | CARMELA MONTUORI |
| | ANTHONY CORRADO " |

Complainant Anthony paid respondents the full purchase price at the time the agreement was made. A few days before the time for performance respondents changed their minds and offered to return complainant's money. To this refusal complainants replied demanding a conveyance and, on respondents' continued refusal to make it, after January 2, 1927, brought the present bill which was heard on the merits.

Two questions are raised. They concern a sufficiency of the memorandum under the statute of frauds and whether, regardless of the statute, the contract specifically may be enforced by reason of complainant's payment of the purchase price in full. The latter will be considered first.

Complainants cite *Tingley* v. *Jacques*, 43 R. I. 367, as holding that payment of the full purchase price was such substantial performance as entitled complainant to relief notwithstanding the statute of frauds. While it is true that the element of payment existed in that case, the court refers to other acts of part performance. The case does not establish the doctrine that full payment of the purchase price alone is sufficient part performance to take a case out of the statute of frauds. Such is not the law, says Browne, on the Statute of Frauds, 5th ed. § 461: "By an unbroken current of authorities, running through many years, it is settled too firmly for question, that payment even to the whole amount of the purchase money is not to be deemed such part performance so as to justify a court of equity in enforcing the contract." 27 C. J. 353; *Glass* v. *Hulbert*, 102 Mass. 24; *Davis* v. *Judson*, 159 Calif. 121; *Cooley* v. *Lobdell*, 153 N. Y. 596; *Pounds* v. *Egbert*, 117 App. Div. 756; *Lipscomb* v. *Lipscomb*, 66 W. Va. 55.

Respondents insist that the contract does not definitely identify any parcel of land and that oral evidence was not admissible to identify the location of the land or its dimensions. They admit that the memorandum would be sufficient if it read "my" instead of "a certain" lot and that oral evidence could be offered to explain the former. The latter, however, they urge, equally well may mean some

other lot which respondents did not own at the time the memorandum was made but contemplated acquiring before the time for performance. No claim is made that respondents ever were engaged in the business of buying and selling real estate. When two men not dealers in real estate negotiate for the sale of a certain lot on a definite street in a named city of which lot one of them is the owner and carry their bargain to the point where the purchaser pays the seller the full purchase price, it may reasonably be inferred that the seller is intending to deal with land which he owns and not with some indefinite parcel which he may later purchase. A fair construction of the words used is that they relate to land owned by the signer at the time the memorandum was signed. *Hurley* v. *Brown*, 98 Mass. 545 ("a house and lot of land situated on Amity street").

This court has several times considered what language constituted a sufficient memorandum description. The test was stated in *Sholovitz* v. *Noorigian*, 42 R. I. 282, at 289, as follows: "If the description of the subject matter of the agreement between the parties is so uncertain and indefinite that it cannot be applied exclusively to any specific land parol evidence cannot be received to complete the description; if the description is definite though requiring extrinsic evidence to identify the land which it represents parol evidence may be received for that purpose." The test was applied in *Preble* v. *Higgins*, 43 R. I. 10, where the seller owned but one parcel to which the description could be fitted. The court said: "The rule is that a description is sufficient to meet the requirements of the statute of frauds if the description can apply to but one parcel of property owned by the seller, the property may then be identified by parol." In *Ray* v. *Card*, 21 R. I. 362 ("that lot" without other description); *Cunha* v. *Callery*, 29 R. I. 230 ("this place"); *Calci* v. *Caianillo*, 46 R. I. 305 ("the buildings which I have sold"), the court found that the description did not meet the requirements of the test because of an "utter absence of description of the property sold". Cf. also *Ives* v. *Armstrong*, 5 R. I. 567 and *Lee* v. *Stone*, 21 R. I.

123. In the present case there is no dispute that the buyer and seller were neighbors; that in writing they agreed upon the conveyance of a certain lot on Gillen street in Providence; that respondents were the owners of but one lot on said street and that said lot adjoined the complainant's land; that the dimensions of this lot were definitely shown on the plat referred to in the deed by which respondents obtained title to the land and that the full purchase price was paid by complainant. The parol evidence admitted in this case did not create a description where none before existed; it definitely identified the "certain lot situated on Gillen street" and was inapplicable to any other lot. The case we think falls within the class where, though the description is general, parol evidence may identify the land referred to in the memorandum. *Old Colony Railroad Corporation* v. *Evans*, 6 Gray, 25 ("a certain tract of land containing about forty acres, situated on the southerly side of the Neponset river in Quincy"); 25 R. C. L. 651. The oral evidence does not first create a description of the land and then apply it. 25 R. C. L. 651, says: "The situation of the parties and the surrounding circumstances when the contract was made may be shown by parol evidence so that the court may be placed in the position of the parties themselves and if then the subject matter is identified it is enough." *Barry* v. *Coombe*, 1 Peters, 640; *Preble* v. *Abrahams*, 88 Calif. 245 ("Forty acres of the eighty acre tract at Biggs,"); *Bates* v. *Harris*, 144 Ky. 399; *Mead* v. *Parker*, 115 Mass. 413 ("a house on Church street"), citing *Hurley* v. *Brown, supra; Kennedy* v. *Gramling*, 33 S. C. 367.

We find no error in the decree directing specific performance.

Respondents' appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Judah C. Semonoff*, for complainants.

*Thomas L. Marcaccio, Joseph E. Fitzpatrick*, for respondents.