# PAUL KOCH

## *v.*

# THE NATIONAL UNION BUILDING ASSOCIATION *et al.*

### *Filed at Ottawa May 13, 1891.*

1. STATUTE OF FRAUDS—*performance, to take a case out of the statute.* The acts of performance relied on to take a case out of the Statute of Frauds must be done under the contract sought to be enforced. It must appear that the acts relied on as part performance were done under the contract itself, and for the purpose of performing it, otherwise they will not operate to defeat the operation of the statute.

2. The mere possession of premises by a tenant, continued after the expiration of his term, is not a sufficient part performance of a verbal contract to renew the lease or convey the land, because such possession may be as reasonably and naturally explained by his holding over as by an agreement to renew or convey.

3. SAME—*former decision distinguished.* The case of *Morrison* v. *Herrick,* 130 Ill. 631, is unlike this case. There the tenant, just before the expiration of his term, made expensive improvements upon the leased property, which no one could reasonably presume any one would have made under the original lease. It also appeared that on the day the new lease was to take effect, the landlord tendered a lease for one year only, which was not accepted, because not for the time agreed upon, and that the landlord apologized, saying the lease was the mistake of his clerk. The facts there showed performance, and the expenditure of a large sum of money under and on the faith of the parol agreement.

4. SPECIFIC PERFORMANCE—*certainty of contract.* To entitle a party to the specific performance of a contract, it must be so certain and unambiguous in its terms and in all its parts as that the court can require the specific thing contracted to be done. Performance can only be decreed when the contract is clearly and satisfactorily proven. If the evidence leaves the contract and its terms in doubt or uncertainty, it will not be sufficient.

5. ESTOPPEL—*by promise void under the Statute of Frauds.* The promise of one having control of leased property to give a party a renewal lease if he would buy the unexpired term, being void under the Statute of Frauds, can not be relied on for the purpose of creating an estoppel.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. RUBENS & MOTT, for the appellant:

As to the part performance that will take the case out of the Statute of Frauds, see *Morrison* v. *Herrick*, 130 Ill. 631; *Jennings* v. *Roberts*, 3 Grant's Ch. and App. 513; *Blove* v. *Sutton*, 3 Mer. 246; *Morphett* v. *Jones*, 1 Swanst. 174; *Mondy* v. *Joliffe*, 5 M. & C. 161; *Cooth* v. *Jackson*, 6 Ves. 38; *Warren* v. *Warren*, 105 Ill. 568; *Guffin* v. *First Nat. Bank*, 74 id. 262; *Morton* v. *Rainey*, 82 id. 216; *Cronk* v. *Trumble*, 66 id. 428.

A court of equity will always enforce a promise upon which reliance is placed, and which induces the expenditure of labor and money in the improvement of the land. *Kurtz* v. *Hibner*, 55 Ill. 521; Hermann on Estoppel, sec. 984; *Hill* v. *Blackwelder*, 113 Ill. 283.

It is only necessary that the parol contract should be proved by a preponderance of the evidence, such contract having frequently been enforced where the evidence was conflicting. *Smith* v. *Yocum*, 110 Ill. 142; *Whitsitt* v. *Trustees*, id. 125; *Sweeney* v. *O'Hara*, 43 Iowa, 36; *Long* v. *Duncan*, 10 Kan. 294; *Neale* v. *Neale*, 9 Wall. 1.

Unless the appellant had actual notice of the limitation upon Gage's authority, as imposed by the by-laws of the building association, the association is bound by his acts. *Life Ins. Co.* v. *White*, 106 Ill. 67; *Railroad Co.* v. *Ragsdale*, 54 Miss. 200.

Messrs. HAMLINE, SCOTT & LORD, for the appellee:

The evidence should clearly and satisfactorily show the terms of the contract to justify its enforcement. *Padfield* v. *Padfield*, 92 Ill. 198; *Langston* v. *Bates*, 84 id. 524: *Gosse* v. *Jones*, 73 id. 509; *Carver* v. *Lasater*, 36 id. 195.

As to the degree of proof required, see *Semmes* v. *Worthington*, 28 Md. 298; *Purcell* v. *Miner*, 4 Wall. 517; *Walpole* v. *Oxford*, 3 Ves. 419; *Wallace* v. *Rappleye*, 103 Ill. 248.

The performance relied on was not under the contract and in execution thereof, and therefore does not take the case out of the statute. Story's Eq. Jur. secs. 762, 764; *Wood* v. *Thornly*, 58 Ill. 468; *Atkins* v. *Young*, 12 Pa. St. 15; Wood on Landlord and Tenant, 286; Fry on Specific Per. 283, 286, 561; Taylor on Landlord and Tenant, (7th ed.) 39; *Sutherland* v. *Parkin*, 75 Ill. 338; *Cronk* v. *Trumble*, 66 id. 432; *Clark* v. *Clark*, 122 id. 393; *Cloud* v. *Greasley*, 125 id. 314; *Strehl* v. *D'Evers*, 66 id. 77.

The case presents no case of estoppel. Pomeroy on Contracts, sec. 67; *Phelps* v. *Railroad Co.* 94 Ill. 559.

Mr. Justice Shope delivered the opinion of the Court:

This is a bill for specific performance of an alleged parol contract, entered into by the National Union Building Association, to renew a lease for a term of years after its expiration, in favor of the assignee of the unexpired term. The consideration of the alleged contract was the purchase by the complainant of the tenant's unexpired term, and his stock and fixtures as a saloon-keeper, including the good will of the business, which it was alleged would not have been made except for the express agreement on the part of the lessor, said building association, to renew the lease. The contract is denied, as is also the authority of the president to make the same, and the Statute of Frauds is also set up and relied on as a defense. Complainant claims that his performance of the terms of the parol contract,—that is, the purchasing of the unexpired term, etc.,—takes the case out of the Statute of Frauds.

To entitle a party to the specific performance of a contract it must be so certain and unambiguous in its terms and in all its parts as that the court can require the specific thing contracted to be done. (*Long* v. *Long*, 118 Ill. 640; *Hamilton* v.

*Harvey,* 121 id. 471; *Padfield* v. *Padfield,* 92 id. 198; *Langston* v. *Bates,* 84 id 524; *Carver* v. *Lasater,* 36 id. 190.)    And performance can only be decreed when the contract is clearly and satisfactorily proven.    (112 Ill. 232.)    So a contract not certain in its terms, and not clearly and precisely proved, will not be specifically enforced.    (*Woods* v. *Evans,* 113 Ill. 186.) If the authority of its president to bind the corporation be complete, it can not be said that the evidence clearly and satisfactorily shows that he made the contract as alleged.    The evidence was presented in the form of affidavits and the sworn pleadings, so that there was no opportunity of cross-examination to test its real value.    It leaves no doubt upon the mind, that the president was disposed to aid the complainant in procuring a renewal of the lease, and expressed his belief that the lease would be renewed if complainant kept an orderly house.    An election of directors and officers of the association was to be held in January, 1889, and in view of the power and authority the president is shown to have had, it is hardly probable that he would have made a definite contract in relation to the leasing of the association property.    Upon the whole case we are inclined to adopt his statement, and that of the secretary of the company.    It will serve no useful purpose to review the evidence in detail, or give our views as to the weight to which the evidence of each witness is entitled.    It is sufficient to say we have examined it, and can not find that the contract for the renewal of the lease is clearly and satisfactorily established.

But if, upon further examination, it should be found we are mistaken in this regard, the further question arises, whether there was such performance of the contract as to take it out of the operation of the Statute of Frauds.    The acts of performance relied on to take the case out of the statute must be done under the contract sought to be enforced.    "It must appear that the acts relied on as part performance of a contract within the Statute of Frauds were done under the contract

itself, and for the purpose of performing it, otherwise they will not operate to defeat the statute. Story lays down the rule, if they are acts which might have been done with other views they will not take the case out of the statute, since they can not properly be said to be done by way of part performance." (*Wood* v. *Thornly*, 58 Ill. 468; Story's Eq. Jur. sec. 752.) In the same case we further said: "To constitute such performance as will avoid the statute, it must clearly and distinctly appear that the party entered into the possession under the agreement itself, and was allowed and induced to make expenditures of money, and to make valuable and permanent improvements. The mere possession of land under a parol agreement of sale, with the superadded fact of valuable improvements, will not be deemed part performance, if the possession was obtained otherwise than under the agreement. The text writers all agree in laying down the rule, that in order to take a case out of the statute it is not only indispensible, but the acts done should be clear and definite, and referable exclusively to the contract, but the contract should so be established by competent proof to be clear, definite and unequivocal in all its terms." (Story's Eq. Jur. sec. 764.) So it has been repeatedly held, that it is not sufficient that the party is in possession, but it must affimatively appear that he got possession under the agreement relied on, and in part performance of the same, and it must also distinctly appear that the money was expended or the improvements made under the contract of sale, and not otherwise.

Pomeroy on Contracts, (Specific Performance, sec. 108,) says: "For a like reason the mere possession of premises by a tenant, continued after the expiration of his term, is not a sufficient part performance of a verbal contract to renew the lease or convey the land, because such possession may be as reasonably and naturally explained by his holding over as by an agreement to renew or convey." See, also, Wood on Landlord and Tenant, 286; Fry on Specific Performance, 283-286,

561, and cases cited; *Cronk* v. *Trumble*, 66 Ill. 432; *Sutherland* v. *Parkins*, 75 id. 338; *Padfield* v. *Padfield, supra; Clark* v. *Clark*, 122 id. 393; *Cloud* v. *Greasley*, 125 id. 314.

In the case under consideration the entry of appellant into possession of the premises may be referred to his contract with Brueggestadt for the unexpired term, for it is evident that if there was no agreement for renewal he would have been entitled to possession under his purchase. Under the rule announced, his taking possession was not in part performance of the alleged contract with Gage, but in execution of his contract with Brueggestadt. No expenditure of money was made in improvement of the leasehold estate on the faith of the agreement to renew. The only act of performance claimed, other than that he took possession, is that he kept an orderly house, which by law he was required to do.

The case of *Morrison* v. *Herrick*, 130 Ill. 631, is unlike the case at bar. There the tenant in possession, under a verbal agreement for the renewal of his lease for a term of five years, shortly before the expiration of the original lease made expensive improvements upon the leased property, which it might reasonably be presumed no one would have made under the original lease. It also appeared that on the day the new lease was to take effect, the landlord tendered a lease for a year, only, which was refused, on the ground that it was not in accordance with the agreement to renew, and that the landlord apologized, saying it was a mistake of his clerk. The landlord allowed the tenant to remain in possession several months without repudiating the alleged oral agreement. It was there held that the facts showed a part performance under the contract for renewal.

The payment of the purchase money by appellant to his vendor was under his contract of purchase of Brueggestadt, and was in no manner actual performance of his contract with appellee, or his renewal of the lease. It is sought to invoke the doctrine of estoppel. If Gage had represented to appel-

lant that Brueggestadt had a contract for the extension or renewal of his lease, and appellant had purchased the unexpired term or taken an assignment of the lease on the faith of such representation, there might be some force in the contention that Gage's principal was estopped from denying the truth of such representations. It is not claimed that any representation was made by Gage, or any other person acting for appellee, or that any deception was practiced. All that is claimed is, that Gage made a verbal promise to give a renewal lease to appellant if he purchased of Brueggestadt the unexpired lease, and that promise being void under the Statute of Frauds, can not be relied upon for the purpose of creating an estoppel. (Hermann on Estoppel, 111; *Wright* v. *DeGroff*, 14 Mich. 364.) The case cited furnishes an apt illustration of the rule. It was there claimed that the defendant, at an administrator's sale, had promised a purchaser, if he would bid a certain sum defendant would never assert her right of dower in the premises. COOLEY, C. J., in delivering the opinion of the court, said: "If it had appeared that Mrs. DeGroff had induced the purchaser to suppose that she had no dower in the land, and to buy it on that supposition, we should have had a very different case presented from any that was offered to be shown. Here was, at most, only an agreement that the purchaser should have conveyed to him a right which he knew Mrs. DeGroff to possess. There was no deception as to the facts, and the purchaser can only claim that an agreement made with her has not been kept. The agreement was void under the Statute of Frauds, and we do not perceive any circumstance upon which, in a court of equity, a claim to specific performance might be based." See, also, *Bank of Louisiana* v. *Bank of New Orleans*, L. R. 6 House of L. (Eng. and Irish App.) 352.

We find no error in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*