## FREEBURGH v. LAMOUREUX ET AL.

SPECIFIC PERFORMANCE—DECREE—CONTRACT TO CONVEY LAND—DE-
SCRIPTION—EXTRINSIC EVIDENCE, WHEN ADMISSIBLE.

1. A decree for the specific performance of a contract to convey
   land is inequitable and erroneous unless it requires the
   plaintiff as well as the defendant to perform his part of the
   obligations of the contract.

2. Where defendant had agreed to convey a town lot to plaintiff
   in consideration of the agreement of plaintiff to pay him a
   certain sum of money and to convey to him a lot to be
   selected by him from the lands of plaintiff, a decree requir-
   ing the defendant to specifically perform the contract by
   conveying said town lot to plaintiff was erroneous in not
   providing for the performance by plaintiff of his obligations
   under the contract—the decree should have required that
   defendant make his selection of a lot from plaintiff's lands
   within a fixed time, and that plaintiff convey the same to
   defendant upon his selection, and also that plaintiff pay the
   portion of the consideration which was to be paid in
   money.

3. To warrant a court of equity in requiring the specific per-
   formance of a contract, the contract must be so certain
   that the court can require to be done the specific thing
   agreed to be done.

4. To authorize a decree for the specific performance of a con-
   tract to convey land, the description in the contract of the
   land to be conveyed must be sufficient to fix and compre-
   hend the property, so that, with the assistance of external
   evidence, the description, without being contradicted or
   added to, can be connected with and applied to the very
   property intended and to the exclusion of all other prop-
   erty.

5. In a suit for the specific performance of a contract to convey
   land, extrinsic evidence is inadmissible for the double pur-
   pose of describing the land to be conveyed and then
   applying the description.

6. As stated in the petition in a suit to enforce specific perform-
   ance of a contract for the conveyance of land, the contract
   required the conveyance to be made to plaintiff in consid-
   eration of "one lot of land in said town, * * * to be
   selected by defendant from the lands of plaintiff in said
   town to be conveyed to him, the said defendant, by plain-

tiff." *Held,* that as the dimensions of the lot of land to be conveyed to defendant were not stated in the contract as set out in the petition, and it contained no reference to any other fact from which they could be ascertained, the description in the contract was too uncertain and indefinite to sustain a decree for specific performance, and, based upon the allegations of the petition (the evidence not being in the record), it was impossible, therefore, to determine the obligation to be performed by the plaintiff.

[Decided June 12, 1906.]                    (85 Pac., 1054.)

ERROR to the District Court, Fremont County, HON. CHARLES W. BRAMEL, Judge.

The material facts are stated in the opinion.

*E. H. Fourt* and *N. E. Corthell,* for plaintiff in error.

In an action for specific performance, the plaintiff is held to a strict showing: First, of a contract certain in its terms, complete in all its elements, made upon sufficient and definite consideration, and not capable of being adequately compensated at law; and, second, where the contract has been made by parol and, therefore, is within the statute of frauds, the proof of the contract must be full, complete, satisfactory and indubitable, followed by immediate, exclusive and continuous possession, and performance or substantial performance on the part of the vendee, which could not be compensated in damages. (Sample v. Horlacher, 177 Pa. St., 247; Metcalf v. Hart, 3 Wyo., 513; Reed v. Homback, 4 J. J. Marsh, 377; Shelton v. Church, 10 Miss., 774; Stuart v. R. R. Co., 15 Beav., 513 (1 De Gex, M. & G., 721). The rule as to certainty applies to the description of lands to be conveyed by plaintiff to defendant. (Sundback v. Gilbert, 8 S. D., 359.) Conveyance will not be ordered until purchase price is paid. (Polk v. Ryser, 21 Tex. Civ. App., 676; Oliver v. Bates, 1 Dev. & Bat. Eq., 605; Tunstal v. Taylor, A. K. Marsh, 43; Beardon v. Wood, id., 451.) In this case, the utmost that the court could do would be to make a conveyance by defendant

conditional upon a conveyance by plaintiff, of the lot to be selected by Poire and the payment of the money consideration and such taxes as may have been paid by Poire on the half lot in controversy. (Telfner v. Russ, 162 U. S., 180; Kelsey v. Crowther, id., 404; Berry v. Fairmont, &c., Co., 4 Kan. App., 432; 3 Daniel's Ch. Pr., 2254 et seq.) The fact that the court could not frame such a decree upon the petition, or upon the evidence in the case, does not alter the situation in this respect, but merely emphasizes the objections already urged against the attempt to enforce a contract which lacks several of the essential elements of a contract. It would be necessary for the court to specify the quantity and otherwise to designate the lands to be conveyed to Poire or out of which he has to make his selection, but the court has no means of doing this. The plaintiff has not shown what lands, if any, he owns or how much of them he is willing to give. Before the court could make an intelligent decree, determining the rights and applying the remedies of the parties, it is obviously necessary that these facts should be shown.

*Gibson Clark*, for defendant in error, Lamoureux.

In the absence of the bill of exceptions, which was stricken from the record, the only assignment of error now raised is that the judgment is not sustained by the petition. In considering such an objection, every reasonable inference will be given in favor of the pleadings which can be drawn from them. (Hyland v. Hyland, 23 Pac., 811; Dobson v. Campbell, 7 Fed. Cas. No. 3945 (1 Sumner, 319); 22 Ency. Pl. & Pr., 939.) Though the petition may be inartificially drawn, it is sufficient to sustain the judgment. The most that can be said against it is that it is a defective statement of a good cause of action.

The objections which counsel for plaintiff in error makes to the pleadings in this respect are, (1) that no description of the lands to be selected by Poire in exchange for the land to be conveyed to Lamoureux is to be found in the

petition; (2) that there is no averment that Lamoureux had any lands in the town of Lander, and (3) that no payment of the money consideration, or any tender or performance whatever is alleged. As to the first and third objections: It is apparent that it would have been impossible for the plaintiff below to have stated in his petition the description of the land which he had promised to convey to the defendant Poire, but this is so not on account of any indefiniteness or uncertainty in the contract between Lamoureux and Poire, for it, the contract, provided the method and means by which the identity of the land could be definitely and certainly fixed and established, to-wit, by its selection by Poire himself, but solely because of the wrongful refusal of the latter to make the selection of the land he desired, upon frequent demand that he do so, and hence we think that the maxim to the effect that, that is certain which can be made certain, applies (Pollock v. Brainard, 26 Fed., 732), and that it is not his right to complain of this so-called defect, which is only an apparent and not a real defect. (26 Ency. L. (2d Ed.), 41; 22 id. (1st Ed.), 1035, 1040, 1041; Dulin v. Prince, 124 Ill., 76; Kellogg v. Lavender, 9 Neb., 418; Bristol v. Bristol, 19 R. I., 413; Hafwood v. Corbin, 63 Ia., 218; Mathison v. Wilson, 87 Ill., 51; Pollock v. Brainard, 26 Fed., 732.)

As to the second objection: We think it does fairly appear from the petition that the plaintiff below did have land in Lander, which Poire could have selected and which Lamoureux could have conveyed to him. It is alleged that the plaintiff was at all times ready, able and willing to perform his part of the contract, and that the only reason he did not do so was the failure of the defendant to select his lot. This, we think, was altogether sufficient even upon demurrer to the petition; it is certainly sufficient after judgment.

It is true that the judgment did not require plaintiff below to convey the lot he had agreed to convey in exchange for the premises described in the petition of Poire,

but in view of the refusal and neglect of the latter to make the selection of such lot, it was beyond the power of the court to provide for this. It could not make the selection for Poire, nor could it compel him in this proceeding to exercise his right of selection. If he lost anything because of his failure to make selection, it is due simply to his own wrongful conduct. (Dulin v. Prince, 124 Ill., 76; Bates v. Swiger, 40 W. Va., 420.)

Under the circumstances of this case as disclosed by the pleadings and the judgment, it is altogether certain that the specific performance of the contract is the only adequate, in fact the only remedy, which the law affords the plaintiff below. To deny him this would leave him remediless, without fault on his part. So far we have considered this matter as though the defendant below, Poire, were here complaining of this judgment, but the fact is that he has not nor has his personal representatives complained of it, or sought its reversal. In the amended petition it is alleged that the deed from Poire to the plaintiff in error was made to and accepted by her with full knowledge on her part of plaintiff's rights in and to the premises, and there was in this pleading an attempt to state that both Poire and Mrs. Freeburgh acted fraudulently in this matter. In her answer she attempts to claim that she was an innocent purchaser for value of the premises, but wholly fails to set forth such facts as would place her in that position. Upon her answer, therefore, she shows no such title as gives her standing in a court of equity. (Hyland v. Hyland, 23 Pac., 811; Boone v. Chiles, 10 Pet., 177.)

In the reply to her answer it is distinctly alleged that the deed was taken by her with full and actual notice of plaintiff's possession, and rights to the property, "and with intent on the part of herself and said defendant, Louis Poire, to cheat, wrong and defraud the plaintiff out of his right, title, interest and property in and to said premises."

This averment of the intent with which the deed was made was not a mere general allegation of fraud or a con-

clusion of law, but, as held by this court in Cone v. Ivinson, 4 Wyo., 203, the averment of a "substantive essential fact." It is clear then that the pleadings put in issue the validity of the deed from Poire to Freeburgh, and the findings and judgment of the court were entirely responsive to· the issue so raised.

If it should be said that the amended petition did not clearly present this issue, it still must be admitted that the pleadings as a whole did present it; there is in the reply no departure from the cause stated in the amended petition, but it does, as is its proper function, fortify and strengthen the averments of the petition in this respect. (18 Ency. Pl. & Pr., 690.) The court found that the deed to Mrs. Freeburgh was fraudulent, and ordered it to be held for naught as to plaintiff below. The judgment, in that respect, is responsive to the issues, and fully supported by the findings. And it was a proper judgment on the findings. (26 Ency. L. (2d Ed.), 40; Bates v. Swiger, 40 W. Va., 420; Bull v. Bell, 4 Wis., 54; Davis v. Collins, 25 N. Y. App. Div., 272; Ry. Co. v. Walworth, 74 Am. St., 683.) Mrs. Freeburgh, then, having only a deed properly adjudged void as against the plaintiff below cannot be said to be injured by the part of the decree relating solely to Poire.

It appears from the record that at the time this suit was brought, November 30, 1898, the plaintiff below had been in the actual possession of the premises over thirteen years; that he had made lasting and expensive improvements costing over $1,500 upon them; that he had at all times paid the taxes upon them, and that he had at all times been ready and willing to fully perform his part of the contract and offered so to do, and that the only reason he had not fully performed was due to the wrongful refusal of Poire to select the lot he was to take in exchange. While it does not appear that there was any fixed time within which Poire was to select the lot to be conveyed and exchange deeds, he was bound to do so within a reasonable time and certainly a year from the date of the contract

would be a sufficiently ample time, and as soon as that time expired Lamoureux was entitled to have the matter closed up.   Under such circumstances we think his possession was adverse to Poire, and continued for a length of time sufficient to vest the title in him.   (1 Cyc., 1048; 1 Ency. L. (2d Ed.), 799; Den v. Alpaugh, 3 N. J. L., 38; Dolton v. Cain, 14 Wall., 472.)

*E. H. Fourt* and *N. E. Corthell,* for plaintiff in error, in reply.

If the judgment is not sustained by the pleadings, it must be reversed.   (Nichols v. Board, 13 Wyo., 1.)   The position taken by plaintiff in error, as to certainty of description, is not that it was necessary to so define or describe this land as to dispense with the selection on the part of Poire, but that it was necessary that the agreement made by the parties should afford a certain and accurate means of determining what Poire might select.   (Ferris v. Irving, 28 Cal., 646; Hamilton v. Harvey, 15 N. E., 210; Hammer v. McEldowney, 46 Pa. St., 34; Jordan v. Fee, 40 Me., 130; Kirkam v. Canyon, 17 Ind., 607; 3 Pomeroy's Eq., 1405; 2 Warvelle on Vendors, 740.)

It is not alleged that in the plaintiff's demand for a deed from Poire, any demand was made that the latter select the lot to be conveyed to him, or that payment by plaintiff for the deed claimed by him was made or offered in any manner.   Poire was not, therefore, in default.   It was not beyond the power of the court to provide for the making of his selection.   If it was, the right of specific performance might be doubted.

The plaintiff in error is not relying in this appeal upon the proposition that she is an "innocent purchaser."   If she were indeed that, then she would have no interest whatever in the controversy between Poire and Lamoureux. It is upon the assumption that she was a purchaser with motive, and with no other or greater rights than those of Poire himself, that the entire argument proceeds.   Her posi-

tion as such is not in any wise dependent upon her answer, but is set out in the petition itself.  It is a part of Lamoureux's case that the legal title to the property in controversy had been conveyed by Poire to Mrs. Freeburgh for a valuable consideration paid by her.  It was not contended in the petition that this conveyance was fraudulently made by Poire or fraudulently received by Mrs. Freeburgh.  No charge or implication of fraud whatever was made with respect to the conveyance; it was merely alleged that Poire "fraudlently pretended" that he had conveyed.  In the reply it was alleged that the conveyance was made to defraud plaintiff, but the reply could not import a new cause of action or a new element of a cause of action against Mrs. Freeburgh into the petition.  She had been sued as one to whom a legal title had been passed with notice of Lamoureux's rights and who was, therefore, a trustee of that title for his benefit.  Neither was Lamoureux interested in any way in the question of the effectiveness or ineffectiveness of the deed from Poire to Freeburgh to pass the title.  He was concerned in but one question upon that subject and that was whether the conveyance cut off his title.

There is no ground for the conclusion that the failure of Mrs. Freeburgh to appeal from that part of the decree declaring her deed void, eliminates any interest she might have had in the issue as between her grantor and the plaintiff. On the contrary, as the grantee with alleged notice of the one charged with having contracted to convey, she is the only necessary party.  The obligation, if any, of her grantor rested upon her, and the purchase money would be payable to her.  (Frank v. Stratford-Handcock, 13 Wyo., 37; Bristol v. Bristol, 19 R. I., 413; Topeka W. S. Co. v. Root, 56 Kan., 187; 20 Ency. Pl. & Pr., 415; 26 Ency. L., 126; White v. Moers, 86 Me., 62; Bull v. Bell, 4 Wis., 54; Coal Co. v. Owens (Ky.), 80 S. W., 1171; 2 Warvelle on Vendors, 744; Granwell v. Realty Co. (N. J.), 58 Atl., 1030; Engler v. Garrett (Md.), 59 Atl., 648; Randolph v. Wheeler (Mo.), 81 S. W., 419.)  A decree for specific per-

formance should ordinarily enforce the whole contract; the
stipulations in favor of the defendant as well as those in
favor of the plaintiff. A decree for a specific performance
on the part of the defendant without requiring the perform-
ance by the plaintiff of his part of the agreement is errone-
ous. (20 Ency. Pl. & Pr., 496-500; Owens v. Hall, 13 O.
St., 571; Brewer v. Peed, 7 J. J. Marsh, 230; Gilpin v.
Watts, 1 Colo., 479; Craft v. Bent, 8 Kan., 328; Mayo v.
Purcell, 3 Munf., 243.)

The following principles will sufficiently answer the con-
tention of counsel for defendant in error as to adverse
possession: (1) A bill for specific performance is a waiver
of the statute of limitations. (20 Ency. Pl. & Pr., 497;
Hamilton v. Plaut, 81 Ind., 417.) (2) The statute does not
apply to an action by a vendee in possession to obtain a
conveyance. (Rev. Stat., Sec. 3446.) (3) The ten (10)
year limitation does not apply to the present case, but if the
statute applies at all, the limitation is twenty years, which
had not elapsed. (Id.) (4) The statute is a ground of
defense, and is not sufficiently pleaded. It must be shown
that the possession has been, not only continuous, peaceable
and undisputed, but actual, *adverse* and under a claim of
title.

BEARD, JUSTICE.

This action was commenced in the District Court of Fre-
mont County by Jules Lamoureux, one of the defendants in
error, against Louis Poire and the plaintiff in error, Philo-
mine Freeburgh, to set aside a deed from Poire to Freeburgh
of the west one-half of lot seven in block twenty-two of the
original townsite of Lander in the town of Lander, Fremont
County, Wyoming; and to enforce the specific performance
of an alleged contract for the conveyance of said property to
Lamoureux by Poire.

The petition alleges that Poire, being the owner of the
premises above described, did on the 1st day of September,
1885, make an agreement with Lamoureux whereby Lamou-

reux "promised in consideration of the sum of five dollars and other valuable consideration, to-wit: oné lot of land in said town of Lander, to be selected by defendant Poire from the lands of plaintiff in said town and to be conveyed to him, the said Louis Poire, by plaintiff, to convey said real estate and property to plaintiff, Jules Lamoureux, by good and sufficient warranty deed." That Lamoureaux went into possession of the half lot under the contract, has ever since been in possession and has made valuable improvements thereon with the knowledge and consent of Poire, and has paid the taxes thereon; that he has demanded a deed from Poire for the property, which he has neglected and refused to execute, and that he has at all times been ready and willing to perform his part of said contract. The petition then alleges, that "Poire fraudulently pretends that he has sold and conveyed said premises to the defendant, Philomine Freeburgh, on a valuable consideration of $50.00, but plaintiff avers that said defendant Philomine Freeburgh well knew of all of the rights of plaintiff in and to said premises before and at the time she received said conveyance and so fraudulently paid her money thereon, if any was paid by her." The prayer of the petition is, that the deed from Poire to Freeburgh be decreed to be void and be cancelled of record and that Poire be required to convey the half lot to Lamoureux.

A general demurrer to the petition was overruled and the defendants filed separate answers, Poire denying the contract and alleging that Lamoureux was in possession under a verbal contract that he might erect a building on the lot and use it for a period not to exceed five years. Freeburgh pleaded that she was an innocent purchaser. The cause was tried to the court and a decree entered cancelling the deed from Poire to Freeburgh and requiring Poire to convey to Lamoureux. After the decree was entered Poire died and the action was revived against the administrator of his estate. The bill of exceptions having been stricken from the record (12 Wyo., 41; 73 Pac., 545), the case stands upon

the question of the sufficiency of the petition to support the decree. A number of objections to the sufficiency of the petition have been presented by counsel, but it will not be necessary to consider all of them.

It is contended that the decree is unwarranted and inequitable in that it does not enforce the whole contract and does not require Lamoureux to perform his part of the contract. If the contract is such a one as a court of equity should require to be specifically performed at all, the decree should have provided for its performance in its entirety, as nothing is shown to render its enforcement inequitable or impossible. "The decree, it has been held, must bind all the parties, for a decree of specific performance against the defendant is erroneous unless it requires of the plaintiff the performance of his share of the obligations." (26 Enc. Law, 65, and 20 Enc. P. & P., 496, and cases cited in notes.) The fact that Poire had neglected to select the lot was not a good reason why the obligations to be performed by plaintiff should not have been required. Poire should have been required to make the selection within a time to be fixed by the court, that being a condition precedent to the duty of Lamoureux to convey, and upon the selection being made, the decree should have required Lamoureux to convey the lot so selected to him; and it should also have required Lamoureux to pay the portion of the consideration which he alleges in his petition he was to pay in money. These were at least concurrent conditions to be complied with by Lamoureux upon a conveyance of the half lot to him by Poire. For this reason alone the decree as entered by the District Court is inequitable and erroneous.

So far we have treated the contract as one that could be required to be specifically performed. Counsel for the plaintiff in error contends that this cannot be done, because the lot of land to be conveyed to Poire is not described with sufficient certainty to be capable of identification. We have quoted the description as contained in the petition in the first part of this opinion, and it contains nothing from which the

quantity of land to be selected by Poire or the dimensions of the lot can be determined. It is argued, however, that the description as given is sufficient because Poire had the right under the contract to select the lot and that by such selection it would become certain; and that the rule that, "that is certain that can be made certain," applies. But the difficulty here is not in applying a description which is sufficiently definite to the lands of Lamoureux, but it is in the description itself. If the dimensions of the lot or the quantity of land to be selected had been stated in the contract and all that remained to be done to identify the lot was to apply the description to such part of the lands of Lamoureux as Poire should select, that could be done and the land to be conveyed definitely determined. But in this contract, as it is stated in the petition, the dimensions of the lot are not mentioned, nor is reference made therein to any other fact from which they can be ascertained. To warrant a court of equity in requiring the specific performance of a contract, the contract "must be so certain that the court can require to be done the specific thing agreed to be done." (Godschalk v. Fulmer, 176 Ill., 64.) And where the contract is for the conveyance of land the description "must be sufficient to fix and comprehend the property which is the subject of the transaction, so that with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended and to the exclusion of all other property." (Ryan v. U. S., 136 U. S., 68.) But external evidence is inadmissible for the double purpose of describing the land and then applying the description. (Halsel v. Renfrow, 14 Okla., 674, and cases there cited.)

Tested by these rules, the description contained in this contract is too uncertain and indefinite to sustain a decree for specific performance. Whether the contract as shown by the evidence introduced at the trial was more definite in any particular than the statement of it contained in the petition, we cannot determine, as the bill of exceptions has been

stricken from the record. · We must assume that the proof was no more specific than the statements of the petition, and cannot, therefore, modify the decree as herein indicated.

The judgment of the District Court is reversed and the case remanded for such proceedings as may be deemed proper upon the record.

The plaintiff in error will recover her. costs in this court, with the exception of those connected with the bill of exceptions and the proceedings herein in the striking of the bill from the record. The costs growing out of the motion to strike the bill from the record will be taxed to the plaintiff in error.                                    *Reversed.*

POTTER, C. J., and SCOTT, J., concur.