HAMILL v. BANK OF CLEAR CREEK COUNTY.

1. FORCIBLE DETAINER—JURISDICTION.

A justice of the peace has jurisdiction in cases of forcible entry or unlawful detention, unless title to the property is directly involved.

2. SAME.

In ordinary actions of forcible entry or unlawful detention, title to the property is not involved and cannot be tried. Where a determination of the right of possession cannot be had without a trial of the title, the plaintiff must fail.

3. SAME—EQUITABLE DEFENSES.

When the action is for unlawful detention, under subdivision 6 of section 1973, Mills' An. Stats., equitable defenses may be interposed, and indirectly, but only as bearing on the right of possession, title to the property may be a subject of inquiry.

4. SAME.

The question of title is not brought into an action of unlawful detainer merely by the defendant's allegation that it is involved. It depends, in the first instance, upon the facts pleaded, and, ultimately, upon the evidence. *Held*, that the defense here interposed does not require a trial of title.

5. SAME.

It is a defense to an action for unlawful detention brought under subdivision 6, section 1973, Mills' An. Stats., against the grantor of a deed of trust, that it was foreclosed and a sale made thereunder in violation of a contract between him and the beneficiary that a foreclosure should not take place until the happening of certain contingencies, and then only in a certain manner.

6. SAME.

The statutory direction that when the allegations of the complaint in actions brought under the sixth, seventh, eighth or ninth subdivisions of section 1973, Mills' An. Stats., are put in issue by a verified answer, the proceedings shall be certified to the proper district court, applies only to justices of the peace.

*Error to the County Court of Arapahoe County.*

HAMILL was the owner of a ranch near Denver. He borrowed large sums of money of the Bank of Clear Creek County, and gave a trust deed on this ranch to secure the payment of the same. The note was not paid at maturity, and for such alleged default the holder requested the trustee

to proceed to sell the property under the trust deed, which the trustee did, and the bank became the purchaser at the foreclosure sale. After receiving the trustee's deed, it demanded possession of the ranch from Hamill, as provided for under the unlawful detainer act. The possession was refused, and this proceeding was instituted before a justice of the peace of Arapahoe county, under subdivision 6 of section 1973 of Mills' An. Stats., which provides that any person shall be deemed guilty of an unlawful detention of real property who holds against the purchaser "when the property has been duly sold, under any power of sale, contained in any mortgage, or trust deed, which was executed by such person, or any person, under whom he or she claims, by title, subsequent to date of the recording of such mortgage, or trust deed, and the title under such sale has been duly perfected, and the purchaser at such sale, or his assigns, has duly demanded the possession thereof."

On the return day of the writ before the justice, Hamill appeared, asked, and was given, time for filing an answer, but at the expiration of the time given he neither filed his answer nor appeared. Trial was had, and judgment rendered for the plaintiff, from which judgment Hamill appealed to the county court.

In the county court Hamill appeared and again asked leave to file an answer. For some reason the county court refused this request and proceeded to trial upon the complaint and rendered judgment for the plaintiff, from which judgment Hamill prosecuted a writ of error to this court. Upon an intimation by this court that there was sufficient ground for reversal, the bank voluntarily confessed error, and the case was remanded to the county court for further proceedings.

The defendant Hamill then filed his answer, one of the defenses of which was, in substance, that by reason of a certain agreement entered into between him and the bank, the payment of the note had been extended beyond the time of the sale under the trust deed, and, also, by said contract, a fore-

closure. could be had only in a court of equity; that the trustee, therefore, had no authority for such sale, because there was no default by Hamill in the conditions, for the nonperformance of which only the trust deed might be foreclosed. In other words, the defense substantially was, as it is claimed, that the property had not been *duly sold*, or the title in plaintiff *duly perfected*.

A replication was filed traversing the answer, and the cause was tried to the court without a jury. During the progress of the trial an affidavit was filed by Hamill, setting up that the title to the property was involved, and that the value of the property exceeded the sum of two thousand dollars, and asking that the case should be certified by the county court to the district court of Arapahoe county for trial. This application, it seems, was denied; the trial was concluded, and judgment was rendered in favor of the bank for possession of the property.

The defendant is here prosecuting a writ of error to this judgment. Meanwhile an application for a *supersedeas* has been made by plaintiff in error, which is resisted by the defendant in error. Argument has been had and briefs filed by the respective parties, and upon this application for a *supersedeas* the opinion of the court is given.

Mr. J. B. BELFORD, Mr. T. J. GALLOWAY and Messrs. MORRISON & DE SOTO, for plaintiff in error.

Mr. THOS. MITCHELL and Messrs. FILLIUS & DAVIS, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

Questions similar to this have been heretofore submitted to and decided by this court, but no written opinion has been handed down. Some of the points raised upon this hearing are of general importance, both as to the rights of litigants under the unlawful detainer act and the practice in

proceedings thereunder. We have concluded, therefore, in this opinion to determine these questions as a precedent to be observed in future cases.

The propositions advanced by plaintiff in error upon which he relies for a *supersedeas* are :

*First.* That the justice of the peace had no jurisdiction of the subject-matter of this suit because the title of real property is involved.

*Second.* That the county court had no jurisdiction because (1) on an appeal, if the justice's court was lacking in this respect, so, also, is the appellate court; (2) if the jurisdiction is to be determined as if the proceeding had been originally instituted in the county court, it had no jurisdiction because the value of the property, the title to which is in dispute, exceeds two thousand dollars, the limit of its jurisdiction.

*Third.* When the verified answer was filed in the county court, the latter was divested of jurisdiction, and its duty was to discontinue further proceedings, and at once certify the cause for trial to the district court.

*Fourth.* That the plaintiff's right of possession depends entirely upon its title; this, in turn, depends upon the validity of the sale under the trust deed. The evidence shows that there was in existence at the time of the foreclosure sale under the trust deed a valid agreement between the plaintiff and the defendant, whereby the bank extended the time of payment on the note, and the agreement was, also, such as to require the foreclosure, when had, to be in a court of competent jurisdiction.

The defendant in error's contention is, *first*, that the title to the property is not involved; *second*, as a sequence, both courts had jurisdiction of the subject-matter; and that the defense interposed has no support in the evidence, hence the judgment is right.

By the statute, admitted to be constitutional, the justice of the peace unquestionably had jurisdiction to hear and determine this proceeding when it was, and as it was, before him.

No verified answer was filed in his court, and no question of title was even suggested until after the appeal to the county court was perfected. If the filing of such answer would operate to divest the jurisdiction of the justice, a sufficient answer is that no answer was filed in his court. Inasmuch as nothing was done by the defendant in the court of the justice of the peace to oust his jurisdiction, it might well be held that a defendant, who has defaulted in the lower court, cannot thereafter in the county court, upon an appeal, interpose a plea raising a new issue to oust the latter court of its jurisdiction on the ground that the inferior court had not jurisdiction, and thus render void the judgment of the latter, even though such new issue, had it been properly interposed when the cause was pending in the justice's court, would have divested the jurisdiction of the latter. But if based upon this ground alone, the decision would not cover the legal questions that should be determined.

In no view can it be said that the justice of the peace was without jurisdiction to try the case and render judgment, for the reasons just given. The defense upon which the plaintiff in error relies, though not set up till the answer was filed in the county court, has, however, been presented here as though the issue thereby raised was in the case in both trial courts. If the determination of this defense necessitated a trial of the titles of the parties in the county court, and in disposing of it the county court in reality was engaged in settling titles, there was no authority for such action. If, on the other hand, an inquiry into the titles was incidental merely, and only as bearing upon the right of possession, and thus involved only to that extent, the act of the county court in such respect was proper. Upon this question it may be stated the authorities generally hold, in ordinary actions of forcible entry or unlawful detainer, that the title of property is not involved and cannot be tried, and where a determination of the rights of the parties cannot be had without a trial of the title, the plaintiff must fail. *Beeler v. Cardwell*, 77 Am. Dec. 550, and

notes; *Johnson v. Baker*, 38 Ill. 98; 87 Am. Dec. 293; 8 Am. & Eng. Ency. of Law, 142, *et seq.*

It is said, however, that subdivisions 6, 7, 8 and 9, of section 1973, Mills' An. Stats., are new elements introduced for the first time in this act, and that a new class of cases is thereby included in this summary proceeding which calls for an extension of old remedies, or the application of new ones, to fit the new conditions; and they necessarily require a trial of the title to the property in order to determine certain controversies which may now be litigated in this proceeding.

We are of opinion that under subdivision 6 the defendant, by answer, may set up matters equitable in character, such as have been interposed here, which, if established, though the title of the property be in the plaintiff, will, nevertheless, give to the defendant a better right to possession. In other words, equitable defenses may be interposed; but this is not equivalent to holding that the title is directly involved in the sense that the judgment in the case is necessarily *res adjudicata* upon this point, or that the value of the property is material upon the question of the jurisdiction of the court. Indirectly, but only as bearing upon the right of possession, the title may be inquired into.

It is certain that there is nothing in the complaint which requires the trial of title. If that issue is in the case, it is raised by the answer. But title is not brought into a case merely because the pleader alleges that it is involved. That depends, in the first instance, upon the facts which are pleaded, and, ultimately, upon the evidence.

If this answer is true, the defendant has the better right to remain on this ranch, whether the legal title is or is not in the plaintiff. The answer, however, impliedly confesses that the legal title, though not duly perfected, is in the plaintiff by virtue of a sale under a trust deed not duly made. It recognizes that the plaintiff has rights in this ranch under the provisions of the trust deed. But the determination of the issue raised by the defense does not require that the plaintiff's title shall be passed upon, or taken from it and

given to the defendant, or that defendant's title be taken from him and given to it. The defendant, moreover, does not assert title in himself. That was conveyed to the trustees; and, in law, the defendant's only equity in the property included in the trust deed, or in the title to the property, is, when he pays the indebtedness, to have a reconveyance. The equity which the defendant here asserts, and which he claims entitles him to retain possession of the property, notwithstanding the legal title of the plaintiff, is that because of a contract with the plaintiff, the latter, in effect, agreed that the defendant might retain possession until certain contingencies occurred, which have not yet happened.

This is the issue raised by the answer. If, in determining it, practically the same evidence is pertinent as if the action were ejectment, this does not necessarily constitute the trial one of title, when we consider that the judgment is for possession only, and that the action of the plaintiff is defeated, not because it has or has not the legal title, but because the effect of the contract which it made with the defendant is that the defendant was entitled to the possession of the property at the time this suit was begun.

Such a determination, therefore, if it had been in the plaintiff's favor, would not, in this proceeding, be an adjudication between the parties that plaintiff's title, as against defendant, was perfect; but merely that this equity asserted by defendant arising from the alleged contract did not exist because the contract was not proved. If the determination is in the defendant's favor, it would not divest the plaintiff's title and vest it in the defendant, but its effect would merely be to declare that the plaintiff, by its contract, subordinated whatever rights of possession it had to the defendant. Hence, it would be inequitable to permit it to recover possession.

In the sense that the plaintiff must rely upon its title to obtain a recovery, that title, it is true, is involved, but not in the sense that the parties in this proceeding and under this answer can try, or are trying, their titles to, or their particular interest in, the property, and that the judgment to be

rendered settles such titles; but, on the contrary, the effect of the judgment is confined strictly to the right of possession. *Johnson v. Baker, supra.*

The defendant's right of possession, indeed, is not based upon title to the property at all. True, this contract may, if enforced in the proper action, ultimately enable the defendant to obtain title; but the right of possession is claimed by him, not as the owner of the title, but as the result of a contract between him and the plaintiff, which, so long as its obligation continues, preserves in him the same right of possession he had when he conveyed to the trustee; even though, by a violation of his duty, the trustee conveyed the legal title to the plaintiff. See *Jordan v. Walker*, 52 Iowa, 647; *Turner v. Lowe*, 66 N. C. 413; *Stephens v. Clay*, 17 Colo. 489.

We must not be understood as holding that a defendant might not interpose a defense in a proceeding of this kind, which, if entertained by the court and determined, would be a trial of the title beyond the jurisdiction of a justice of the peace to entertain; but we hold that in an action under subdivision 6·there may be interposed such equitable defenses as entitle this defendant, or a defendant with like equities, to retain the possession as against a plaintiff who holds the legal title, whether that title has been irregularly acquired, as alleged in this case, or because of any other matters of like nature which would make it inequitable to permit the plaintiff to insist upon the full benefits which his naked legal rights usually confer.

Our conclusion, then, is that the defense interposed here does not require the trial of titles; but that the trial of the issue raised by the answer is the trial of a right of possession merely, depending upon a contract between the parties, and not upon the title to the property. It follows that both courts had jurisdiction to entertain this action.

As to the third proposition of the plaintiff in error, it is uncertain whether the motion interposed by him was to dismiss the proceeding, or to have it certified to the district

court. The motion was properly refused, whatever its object was. As a question of practice, however, it is proper to say that no provision has been called to our attention which authorizes a county court to certify to the district court for trial a cause whenever there is filed therein a verified answer denying the allegations of the complaint. That direction applies only to a justice of the peace.

There remains but one question for determination, and it is of moment chiefly to the parties in this case. We are not called upon at this time to render a final decision upon the evidence, but the result of our examination of the record does not justify us in granting a *supersedeas* on the ground that the evidence supports the defense. It follows from the foregoing reasons that this application for a *supersedeas* should be denied, and it is so ordered.

*Supersedeas denied.*