[No. 3628.]

## HAMILL v. COPELAND ET AL.

APPELLATE PRACTICE—FINDINGS OF TRIAL COURT.
Where there is sufficient legal and competent evidence to sustain the findings of the trial court the findings should be affirmed on appeal notwithstanding any conflict in the evidence.

*Error to the County Court of Arapahoe County.*

Mr. JAMES B. BELFORD, Mr. T. J. GALLOWAY and Messrs. MORRISON & DESOTO, for plaintiff in error.

Mr. THOMAS MITCHELL and Messrs. FILLIUS & DAVIS, for defendants in error.

PER CURIAM. Soon after the writ of error was sued out in this court, the plaintiff in error made an application for a *supersedeas*, and the merits of the controversy were thoroughly argued by counsel and carefully considered by the court. In denying the application an opinion was handed down which is reported in 22 Colo. 384.

The action was unlawful detainer brought by the original defendant in error, as plaintiff below, against the plaintiff in error, defendant below, under subdivision 6 of section 3 of our forcible entry and detainer act, Session Laws, 1885, p. 225, 1 Mills' Ann. Stats. sec. 1973.

In support of that application reliance was had upon the same propositions that are urged upon final hearing for a reversal of the judgment. In the opinion above referred to, the various contentions of the parties are fully set forth, and there is no necessity for restating them. Briefly, however,

we may say that Hamill was indebted to the bank in a large sum of money, the debt being evidenced by promissory notes, to secure the payment of which he executed certain trust deeds of his real estate, which deeds were foreclosed at the instance of the bank (and at the sale the lands were purchased by it), for his alleged default in complying with their conditions. Hamill refusing upon demand to deliver, this action was brought to obtain possession.

The principal, and, in fact, the only, defense to which evidence was directed was a claim on the part of the defendant that, as the result of a contract between him and the bank extending the time for payment of the notes and interest, there was no default upon his part at the time of the foreclosure sale, and hence plaintiff's title has not been "duly perfected."

Upon the application for the *supersedeas*, as will be seen from an examination of our opinion, all of the questions involved in the controversy were resolved against the plaintiff in error, with the exception of one, and that was as to whether or not the evidence was sufficient to uphold the judgment, and it was reserved for final hearing. Upon a re-examination of the entire case, we are still of the same opinion that we were when we refused to order a *supersedeas*, and, therefore, adhere to our previous announcement. A careful examination of the evidence made at this time satisfies us that the remaining question in the case, reserved for disposition at this time, must be decided as it was by the county court. The evidence is not seriously in conflict, and the principal dispute, after all, is as to the construction of the various agreements admitted to have been entered into by the parties. It is sufficient, however, for our present purpose to say that, notwithstanding any conflict in the evidence, which is more apparent than real, there is enough legal and competent evidence in the record to sustain the findings made by the trial court.

It follows, therefore, that the judgment of the county court should be affirmed, and it is so ordered.

*Affirmed.*