## ADCOCK v. LIEBER.

1.  STATUTE OF FRAUDS—*Part Performance*—Plaintiff solicited defendant to quit his ranch, move to town, take possession of, furnish, and conduct a hotel on certain premises, promising that if he would do so, he, plaintiff, would execute to him a lease of the hotel at a specified rent for a specified term of years. Defendant complied with this request, removed from his ranch, assumed possession of and furnished the hotel, and paid rentals monthly for several months. *Held*, a sufficient part performance to entitle defendant to specific performance of the cntract lease—(375).

2.  WRONGFUL DETAINER—*Equitable Defenses*—Under the statute, (Rev. Stat. sec. 2612, 2603, cl. 6,) equitable defenses may be interposed in the action of wrongful detainer—(375, 376).

3.  SPECIFIC PERFORMANCE, of a verbal agreement to execute a lease of lands can not be had in an action for the wrongful detainer of the lands—(375).

*Error to Lincoln County Court*—Hon. CLARENCE M. MILES, Judge.

Mr. A. E. BOWE for plaintiff in error.

Mr. CHARLES L. DICKERSON and Mr. W. H. ABBOTT for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

Lieber, the plaintiff below, began an action of unlawful detainer before a justice of the peace, to recover possession of premises upon which was the Hugo Hotel and a frame dwelling-house. In substance, the complaint alleged that the plaintiff was the owner of the premises; that he had verbally leased the same to the defendant, Adcock, from month to month for $35.00 a month, payable in advance; that the defendant went into possession on July 2, 1907; that the plaintiff had terminated the tenancy by a proper notice and demanded possession, which was refused. The defend-

ant, in his answer, after certain denials and admissions, alleged that, about the month of February, 1907, the defendant and his family were residing upon and conducting a ranch near Hugo, and about that time plaintiff came to the defendant and told the latter that the plaintiff desired to have a hotel conducted on the premises, and that if the defendant would leave the ranch, move to Hugo and furnish the hotel, the plaintiff would build one on the premises, and would lease the premises to the defendant by a proper and sufficient lease for three years from the time the hotel building was completed at $35.00 per month; that the defendant accepted the offer and moved to Hugo; that the plaintiff built the hotel building, and the defendant, at a cost of about $500.00. furnished the hotel and took possession thereof on the 2d day of July under the agreement, and from that time paid the plaintiff $35.00 a month as rent, but the plaintiff, although requested so to do, had failed and refused to make and execute a lease of the premises.

At the trial, on appeal to the county court, the defendant offered to prove the allegations of his answer, but was not allowed to do so. The court took the position that because the alleged contract for a three years' lease was not in writing it was void under the statute of frauds. The court directed a verdict for plaintiff, and upon this verdict judgment was entered against the defendant.

Section 2662 of Chapter 54 Revised Statutes provides that any contract for the leasing of any lands for a longer period than one year shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease is to be made. Section 2664 provides that nothing in the chapter shall be construed to abridge the powers of courts of equity to compel a specific performance of agreements in case

of part performance.   The contract alleged by the defendant was void under Section 2662 because not in writing, unless there was such part performance as would take it out of the statute.   What was done under this alleged contract which the defendant was not permitted to prove because not in writing?   The plaintiff erected the hotel building and gave the possession of it to the defendant; the latter left his ranch, moved to the premises, furnished the hotel and paid the rent for at least four months to the time that the action for unlawful detainer was begun.   Plaintiff had done all he had contracted to do except to execute the lease. Defendant, at great expense and the sacrifice of his ranch business, had done all he had agreed to do, except to continue the payment of the monthly rental as it fell due.   Beyond question, this was a sufficient part performance to take the contract out of the operation of the statute, so that the defendant could compel the plaintiff to execute a lease for three years in a court of equity.   *Wallace v. Scoggins,* 17 Am. St. Rep. 749, and note beginning at bottom of page 755 and on page 766.   If this is not so, then the statute can be used by a lessor to work a fraud and a wrong upon a lessee.   It is true that specific performance of such a contract cannot be compelled in a suit for unlawful detainer. Can such a contract and the facts which take it out of the operation of the statute of frauds be shown as a defense in such an action?   No matter what the law of other jurisdictions may be under their peculiar statutes, this case must be governed by the statutes of this state.

Section 2612, Rev. Stat. provides that the answer of the defendant in an action for unlawful detainer "shall set forth all the substantial facts upon which he relies, entitling him to the possession of the property described in plaintiff's complaint."   All the substantial facts upon which he relies, entitling him to the pos-

session of the property, includes such facts as will entitle him to the possession at law or in equity. The language is broad and comprehensive and does not preclude a defendant from setting up an equitable defense, but rather invites him to do so. In *Hamill v. Bank*, 22 Colo. 384, this Court held specifically that in an action for unlawful detainer, under subdivision 6 of Sec. 2603 Rev. Stat., an equitable defense might be interposed. This is equally true in an action under subdivision 3 of that section, under which this action was brought. The defendant had a right to give evidence of facts which the statute permitted him to set forth in his answer. Under the facts set forth in the answer, the defendant was not attempting to hold possession by virtue of a void contract, but by virtue of a contract that was valid and enforcible on account of the part performance thereof and under which his possession was obtained. If he could have established the facts alleged in his answer by sufficient evidence, he was entitled to defeat the plaintiff's action. As is shown in *Hamill v. Bank, supra*, the issue was the right to possession. If the plaintiff was in possession by virtue of an enforcible contract with the plaintiff, there is no good reason why he should not have remained in possession. If plaintiff was bound to do that which would give the defendant the right to remain in possession, the plaintiff ought not to be permitted to recover a possession by the violation of that which he was bound to do.

The court below ought to have permitted the defendant to give testimony, if he had any, of the contract and part performance alleged in his answer, and these matters would then have been questions of fact to be determined upon all the evidence in the case. This conclusion having been reached, the judgment should be, and is, reversed.

*Judgment reversed.*

Mr. JUSTICE HILL and Mr. JUSTICE GARRIGUES concur.