No. 9841.

KNOFF ET AL. *v.* GRACE.

1. STATUTE OF FRAUDS—Part performance of an oral contract for the sale of lands is a defense to an act impeaching such contract only where it appears that the act relied upon as part performance was at the time known to the other party in interest.

2. ——*Idem.* The act relied upon as part performance must be something required by the contract. Doing something because of, or in reliance upon the contract, is not enough.

Taking possession of lands under a verbal lease for years, and payment of rent do not amount to part performance. The act relied upon must be consistent with no other theory than the validity of the alleged contract.

*Error to Morgan District Court, Hon. L. C. Stephenson, Judge.*

*Department Two.*

*Application for Supersedeas.*

Mr. ARLINGTON TAYLOR, for plaintiff in error.

Messrs. JOHNSON & ROBINSON and Mr. WALTER S. COEN, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

A DEMURRER to the complaint was sustained, the plaintiffs stood by the complaint and now ask for a supersedeas. Both sides ask us to determine the case now.

The action was by tenants to compel specific performance of an oral lease for three years beginning February 1st, 1919. The defendant, after rent had been paid for several months, refused to accept more and gave notice to quit. The plaintiffs rely on the doctrine of part performance of an oral contract to support their case.

The statutes in point are as follows: "Every contract for the leasing for a longer period than one year * * * of any lands * * * shall be void" unless in writing. G. S. 1908, § 2662.

"Nothing in this chapter contained shall be construed to abridge the powers of courts of equity to compel the specific performance of agreements in cases of part performance of such agreement." G. S. 1908, § 2664.

The question before us, then, is whether, under the above sections, the part performance shown in the complaint is sufficient to justify a decree for specific performance of an oral lease for more than one year.

The contract alleged is, "That plaintiffs did * * * enter into an oral lease with said defendant for said store room, the said lease to date from February 1st, 1919, and to continue for three years, with the option to plaintiffs to extend the said lease two years thereafter at a rental of $75.00 per month payable monthly in advance; that said store room was to be used for a general retail grocery and merchandise store."

The facts relied on as constituting part performance are: (1) That, relying on said agreement, plaintiffs resigned their positions; (2) formed a partnership; (3) bought and installed furniture, fixtures and other equipment; (4) bought a stock of goods; (5) took complete possession; (6) established a paying business; (7) paid six months' rent; (8) it was the only available room; (9) no other now available; (10) business will be destroyed if relief is denied; (11) defendant will be unharmed if relief is granted; (12) that defendant is not in court with clean hands; (13) that defendant seeks to perpetrate a fraud by renting to another for a higher rent.

Section 2664 is a continuation of the equity rule in England and most of the United States. The principle which supports the rule is estopped by conduct, which, fundamentally, is fraud. It is, therefore, always necessary to show that the acts constituting part performance were done with the knowledge and consent of the other party to the contract. There is some question whether this is sufficiently alleged here but we do not determine the case upon that point.

The statute in question was passed for the reason that it was not safe to let proof, upon the questions therein referred to, rest in parol; it follows that to serve the purpose of the statute we must take care never so to extend the exceptions thereto, which are pressed upon us so constantly, as to let those questions become issues to be tried on oral testimony alone.

While it has often been truly said that equity ought not to allow the statute of frauds to be used as an instrument of fraud or wrong, yet the statute can never be enforced without some hardship and wrong. Wherever there is an oral contract on which a party has relied, it is in some degree, a wrong and hardship upon him to hold it invalid, and if there is no oral contract there is no room for the statute to act; therefore the enforcement of the statute must always be, in a sense (though, of course, not in legal contemplation) a fraud or wrong upon him against whom it is enforced.

It is necessary, then, to keep carefully within the principles which bound the rights to claim exemption from the terms of the statute. One of those rights is expressed in § 2664, above quoted. Briefly expressed, the rule is that specific performance of an oral contract will be enforced, according to the rules of equity, in favor of one who has partly performed it.

What are these rules of equity? One of them is that part performance must be part performance, i. e., it must be the performance of something required by the contract. *Von Trotha v. Bamberger*, 15 Colo. 1, 12, 24 Pac. 883.

Doing something because of the contract or in reliance on it is not enough. *Henry Jennings and Son v. Miller*, 85 Pacific, 517, 48 Ore. 201.

There is nothing in the plaintiffs' thirteen points that is required by the contract except payment of rent and nothing in them that is contemplated by .the contract except taking possession. There are authorities which hold that taking possession and payment of rent constitute sufficient part performance, but this leaves all proof of the term of the lease to oral testimony and, in a great majority of cases, abrogates the statute. Practically all claims by tenants that there is an oral lease for more than a year are made after the tenant has taken possession and paid rent. We must say, therefore, that mere possession and payment of rent will not amount to part performance, for the purposes now under consideration.

The case of *Adcock v. Lieber*, 51 Colo. 373, is not inconsistent with these conclusions, because in that case, the contract provided that the tenant should leave his .ranch and come to Hugo to live and take charge of the leased hotel and he did so.

It is also the rule that what is done as part performance must, to escape the statute, be consistent with no theory other than that of the alleged oral lease. What is fairly referable to some other cause than the contract as alleged will not be regarded as sufficient part performance to justify a decree of specific performance. *Von Trotha v. Bamberger, supra; Jenning v. Miller*, 48 Ore. 201, 85 Pac. 517; *Morrison v. Herrick*, 130 Ill. 631, 642, 22 N. E. 537; *Wood v. Thornly*, 58 Ill. 468; *Koch v. Nat'l. Bldg. Assn.*, 137 Ill. 497, 27 N. E. 530. The reason for this rule is that an act which is consistent with some contract other than that alleged does not tend to prove the latter. For example, in the present case possession and payment of rent are as consistent with a tenancy from month to month as with one of a year or more. So the installation of trade fixtures is consistent with a monthly tenancy, because the tenant would be obliged to install them whatever his ten-

ancy.  This distinguishes the present case from those where the alterations have been so great and permanent as to convince one that a long and definite tenancy was expected.  The whole proof of the terms of the contract, therefore, is left to oral testimony, which is what the statute seeks to prevent.  The judgment should be affirmed.

Garrigues, C. J., and Scott, J., concur.