No. 11,001.

HALL HOTEL CO. *v.* STILLE.

Decided July 7, 1924. Rehearing Denied November 10, 1924.

Unlawful detainer action. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. LANDLORD AND TENANT—*Unlawful Detainer—Pleading.* In an unlawful detainer action, demurrer to a defense, that defendant lessee had satisfactorily performed, and had exercised an option to renew the lease, held properly overruled.

2. *Lease—Performance—Burden.* In an unlawful detainer action, the defense being satisfactory performance and exercise of option to renew, defendant held to have the burden of proving performance on his part of the conditions of the lease.

3. *Lease—Failure to Perform.* In an unlawful detainer action, the defense being satisfactory performance of a lease and exercise of option to renew, plaintiff could refuse to renew the lease if defendant had not fully performed its conditions, whether the facts of such failure were known to him or not.

4. *Lease—Option to Renew.* Where a lease contains an option to renew at the expiration of the term, the landlord's refusal to renew must be in good faith; but it is not necessarily true, that his refusal is arbitrary because the facts of the tenant's default are unknown to him at the time.

*Error to the County Court of the City and County of Denver, Hon. George A. Garard, Judge.*

Messrs. PONSFORD, PENDER & LARWILL, for plaintiff in error.

Mr. J. M. WARDLAW, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFF in error, plaintiff in the court below, brought this suit in justice court in unlawful detainer, to recover possession of certain real estate. Plaintiff is the owner of the real estate in controversy, and defendant was in possession under a lease which expired by its terms on December 1, 1923. On November 28, a notice in writing for the surrender of possession of the premises was served upon the defendant. Defendant, on November 9, informed plaintiff in writing that he would exercise his right, by virtue of an option contained in the lease, for a further lease of the premises for a period of two years following the expiration of the then existing lease, and again so notified plaintiff in the afternoon of December 1. The option in the lease upon which defendant relies reads: "Further, that after the expiration of this lease, if all of the above conditions, covenants and agreements of the lessee have been faithfully and fully performed by the said lessee to the satisfaction of the lessor, the said lessee shall have the option of again leasing the premises described as aforesaid, for a period of either one or two years, at a yearly rental equivalent to the yearly rental provided for in this lease."

From a verdict and judgment in the justice court, an appeal was taken to the county court.

For a second defense, the defendant set up the option, alleged performance of all the conditions of the lease, and the giving of the notices referred to. Plaintiff demurred to the second defense, which was overruled. From a ver-

dict and judgment against it in the county court, the plaintiff prosecutes this writ of error, and applies for a supersedeas. The only errors assigned and discussed are: (1.) That the trial court erred in overruling plaintiff's demurrer to the second defense. (2.) That the trial court erred in giving Instruction No. 7, which reads, so far as material, as follows:

"The court instructs the jury that under the lease in evidence in this case, the plaintiff, the Hall Hotel Company, contracted with the defendant, Fred Stille, to execute a new lease of the premises in controversy for a period of one or two years after December 1, 1923, if the defendant faithfully and fully performed all the conditions, covenants and agreements of the lease which expired on December 1, 1923, to the satisfaction of the plaintiff. The defendant claims that he has faithfully and fully performed all the conditions, covenants and agreements of the old lease, and is entitled to a new lease for a term of two years beginning December 1, 1923. The plaintiff has refused to execute such new lease. You are instructed that to entitle the plaintiff to refuse to renew the lease according to its terms, the refusal must be made in good faith and based upon actual facts known to the plaintiff, and such refusal must not be a dishonest, pretended, arbitrary, capricious, unjust or mercenary refusal for dissatisfaction."

The plaintiff's first contention cannot be sustained. *Adcock v. Lieber,* 51 Colo. 373, 117 Pac. 993, is authority for the court's ruling, and we think it is decisive of the question raised here. The demurrer was properly overruled.

As to the second proposition, we think the plaintiff's contention is correct. If it be true, as we hold, that defendant had a right to allege and prove as a defense that he was given an option to again lease the premises upon his faithful and full performance of all the conditions, covenants and agreements contained in the lease, and to allege and prove that he had faithfully and fully performed them, then it would seem to follow that while he could not

in the present action have a decree for specific performance of the lessor's contract, yet in an action to enforce the contract, he must allege and prove the same facts as required of him to defeat the plaintiff in this action. If, in an action for specific performance, the defendant could not establish that he had faithfully and fully performed all the conditions of the lease, he must fail, and this of course would be true whether or not plaintiff had knowledge of the defendant's failure to perform. It follows then that plaintiff could refuse to renew the lease if defendant had not faithfully and fully performed all the conditions of the lease, whether plaintiff knew or was ignorant of defendant's failure to perform.

The instruction given told the jury, in effect, that the defendant could recover, notwithstanding he might not have faithfully and fully performed all the conditions of the lease, if the plaintiff was ignorant of the default at the time he refused to renew the lease, and this relieved the defendant of the burden of proving that he had faithfully and fully performed all the conditions of the lease.

It is true that plaintiff's refusal to renew must be made in good faith, and must not be a capricious and dishonest or arbitrary refusal; but it is not necessarily true that because the facts of defendant's default were unknown to the plaintiff, the refusal was not made in good faith, and that it was capricious, dishonest and arbitrary, and not based upon sufficient facts.

The giving of this instruction constituted prejudicial error for which the judgment must be reversed. Supersedeas denied, and judgment reversed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.