No. 15,683.

KITER *v.* OWEN ET AL.

(168 P. [2d] 254)

Decided April 15, 1946.

8

Mr. WILLIAM H. SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Mr. RICHARD H. SIMON, Mr. ROBERT B. LEE, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

WILLIAM C. KITER brought an action in the district court to compel Hugh W. Graham and Homer H. Owen to execute a written lease, to premises occupied by him as a restaurant, for a term of two years. Judgment was entered in favor of defendants, and Kiter seeks a reversal on writ of error.

Reference will be made to the parties as plaintiff and defendants or by name.

Plaintiff alleged that he and Graham entered into an oral agreement whereby he was to move his restaurant business to the premises owned by Graham and make necessary alterations and improvements therein, in exchange for which, Graham would execute a written lease to him for the term of two years at a monthly rental of $65.00; that plaintiff entered into possession of the premises and made alterations, repairs and improvements therein at a cost of approximately $2,000, and abandoned equipment at his former place of business of the value of $450, all of which was done with the knowledge and approval of Graham and in reliance upon the latter's promise to give him the written lease; that he would not have made the improvements on Graham's property nor abandoned the equipment at his

former place of business except for his reliance on Graham's promise. He prayed specific performance of the agreement, relying upon his part performance thereof to take it out of the provisions of the statute of frauds, sections 8 and 10, chapter 71, '35 C.S.A.

Defendants Graham and Owen admitted the occupancy of the premises, of which Owen became the owner pendente lite; denied the oral promise for the written lease, and alleged plaintiff's tenancy was on a month to month basis. Both defendants plead the statute of frauds, section 8, supra.

Plaintiff relies for reversal upon three specifications of points, which are:

"I. The trial court erred in ruling that the evidence does not show part performance of an oral agreement sufficient to satisfy the Statute of Frauds, C.S.A. '35, Chap. 71, Sec. 8.

"II. The findings and judgment of the trial court are contrary to the weight of the evidence in that the facts and circumstances of the case so strongly indicate the probability of an express oral promise to execute a written lease that the unsupported denials of this fact by defendants' witnesses if [sic] of very little, if any, probative value.

"III. The trial court should have found that the defendants are estopped to deny the making of an oral promise to lease the premises to plaintiff."

■ The burden of proof was upon plaintiff to establish by a preponderance of the evidence that he and the defendant Graham made an oral contract for a written lease of the premises for a period of two years, and that in reliance upon this contract he had entered into possession and partly performed it. Plaintiff testified to various conversations, which, if uncontradicted, might have warranted the entry of a decree for specific performance, but defendants' evidence was in direct conflict therewith. The trial court patiently listened to all of the evidence offered by the parties, and, at the con-

clusion of the trial, made findings and entered a decree in which the following appear:

"It is an elementary and fundamental general rule of evidence that the burden of proving a proposition is upon the party affirming it. In this case the plaintiff claims the promise of a written lease or an oral lease spelled out of the conversations between the parties and their authorized agent, and part performance on his part which will take the parol lease out of the Statute of Frauds. The burden is upon him to prove his allegations by a preponderance of the evidence. *The plaintiff has failed to do this.*

"Does the weight of the evidence in the case at bar show a substantial improvement by the plaintiff to the premises which are of benefit to the owner, or some other act by him 'consistent with no theory other than that of the alleged oral lease' such as would bring it within any of the rules which warrant a court of equity in decreeing specific performance of an alleged oral agreement void under the statute of frauds? We think not.

"Assuming for consideration only that there might have been an *oral agreement to lease,* which the weight of the evidence does not sustain, * * *

\* \* \*

"None of the acts of plaintiff by way of alleged part performance here testified to are inconsistent with a monthly tenancy." (Italics ours)

Plaintiff relies principally on our decision in *Adcock v. Lieber,* 51 Colo. 373, 117 Pac. 993, and defendants, in support of their contentions, cite our opinion in *Knoff v. Grace,* 68 Colo. 527, 190 Pac. 526. We do not consider either decision controlling here.

In *Adcock v. Lieber, supra,* the action was one in forcible entry and detainer. Defendant in his answer alleged an oral agreement for a lease for a term of three years and part performance. The trial court excluded evidence in support of the allegations of the oral

promise and part performance on defendants' part upon the theory that the alleged contract for the written lease was not in writing and was, therefore, void under the statute of frauds. We held that, "The court below ought to have permitted the defendant to give testimony, if he had any, of the contract and part performance alleged in his answer, *and these matters would then have been questions of fact to be determined upon all the evidence in the case.* This conclusion having been reached, the judgment should be, and is, reversed." (Italics ours)

In the instant case the trial court heard all of the evidence offered by plaintiff in support of his allegation of an oral promise and part performance and determined and found that he had failed to establish the oral contract and his part performance by a preponderance of the evidence.

In *Knoff v. Grace, supra,* plaintiffs brought an action for specific performance, alleging an oral lease for three years upon a certain store room and the making of certain alterations, improvements and expenditures constituting a part performance on their part. To this answer a demurrer was sustained, and, in affirming the action of the trial court, we said: "It is also the rule that what is done as part performance must, to escape the statute [statute of frauds], be consistent with no theory other than that of the alleged oral lease. What is fairly referable to some other cause than the contract as alleged will not be regarded as sufficient part performance to justify a decree of specific performance."

The evidence in the instant case was conflicting; from it the trial court determined plaintiff had not established the oral contract by a preponderance of the evidence and that therefore, specific performance could not properly be decreed. Under these circumstances we decline to set aside the findings.

The judgment, accordingly, is affirmed.