396 P.2d 871

**Finley BRIGGS et al., Plaintiff and Appellant,**

**v.**

**Lincoln HANKS, Defendant and Respondent.**

**No. 9898.**

Supreme Court of Utah.

Dec. 1, 1964.

Robert W. Hughes, Salt Lake City, for appellants.

Gordon I. Hyde, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a dismissal of plaintiffs' second cause of action. Affirmed, with costs to defendant.

Hanks organized plaintiffs as agents to sell an insurance company's corporate stock. They signed 10 per cent commission agreements with the company, and one with Hanks personally who agreed to pay them an additional two per cent commission.

In our opinion, neither agreement has to do with this case, which deals only with an admitted oral agreement, executed in Colorado, between the litigants. Hanks was to sell to plaintiffs an amount of the insurance company stock at 35 cents *effective 13 months later*. This agreement obviously offended Colorado's statute of frauds.[1]

Plaintiffs assert that the agreement was taken out of the statute by another oral promise by Hanks that he would confirm the agreement by written memorandum within the year. This was not done, and plaintiffs' contention must fall of its own weight.[2]

This case seems to be controlled by the unreversed Colorado case of Knoff v. Grace,[3] Colorado law being applicable here.

The contention that since plaintiffs had commissions coming from Hanks, the latter should have credited them to the stock-purchase agreement is not reflected in the record as being a part of the oral agreement and hence cannot be the basis of a claim of part performance. That two of the plaintiffs sent checks to Hanks for the purchase price, which checks were not cashed, is no part performance because of the refusal to cash them, resulting in non-acceptance.[4]

We do not commend any refuge in a statutory sanctuary, but under the subject statute here, Hanks had a legal right to assert it. This Court must rely on the legislative branch to determine the statute of frauds' or limitations' purpose and scope.

Had the stock been worthless and Hanks had sued for specific performance, plaintiffs could have sought refuge under the statute as did Hanks here.

McDONOUGH, CROCKETT, CALLISTER, and WADE, JJ., concur.

---

1. Title 59–1–12, Colorado Rev.Stat.1953.
2. Rupp v. Hill, 149 Colo. 48, 367 P.2d 746 (1962).
3. 68 Colo. 527, 190 P. 526, 10 A.L.R. 1492 (1920).
4. See also 6 A.L.R.2d 1108, § 13.